Case 20-10334-TPA    Doc 139    Filed 07/10/20    Entered 07/11/20 00:41:07    Desc
Imaged Certificate of Notice    Page 1 of 2

FILED
7/8/20 3:21 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| JOSEPH MARTIN THOMAS | : | Case No. 20-10334-TPA |
| *Debtor* | : | Chapter 11 |
| | : | |
| JOSEPH MARTIN THOMAS | : | |
| *Movant* | : | |
| | : | |
| v. | : | Related to Document No. 48 |
| | : | |
| NO RESPONDENT | : | |

## ORDER EMPLOYING SPECIAL COUNSEL

*AND NOW,* this **8th** day of *July, 2020*, upon consideration of the *Application to Employ Special Counsel Related Back to the Petition Date*, it is **ORDERED, ADJUDGED and DECREED** as follows:

(1) **MacDonald Illig Jones & Britton LLP, 100 State Street, Suite 700, Erie, Pennsylvania 16507** are hereby appointed, related back to the petition date of May 6, 2020, as **Special Counsel** for the Debtor pursuant to the terms of $220 to $360 for attorneys and $165 for paralegals, together with reimbursement of all costs and expenses as described in the Fee Agreement attached to the above referenced *Application* for the limited purpose of acting as attorney in connection with the interest of the Estate/Debtor to defend the State Court Litigation and to represent the Debtor in the potential sale of Debtor and non-debtor assets and any associated employment opportunities as referenced to in the foregoing *Application,* **PROVIDED HOWEVER**, no settlement of any claim is to occur without prior Court Order after notice and hearing.

(2) Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including: the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

(3) Approval of any motion for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms, and is not a preapproval of compensation pursuant to *11 U.S.C. §328(a).* Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order. *Any retainer paid to the Special Counsel is unaffected by this Order and remains property of the Estate until further order of Court.*

(4) Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and Special Counsel, this *Order* does not authorize Special Counsel to retain or pay any outside counsel or other professional to assist Special Counsel in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of and payment to an outside counsel or other professional is subject to prior approval of the Court.

(5) *Movant shall serve the within Order on all interested parties and file a certificate of service.*

_____
Thomas P. Agresti, Judge    **jlm**
United States Bankruptcy Court

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                  Case No. 20-10334-TPA
Joseph Martin Thomas                                                    Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-1         User: lfin              Page 1 of 1              Date Rcvd: Jul 08, 2020
                             Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 10, 2020.
db             +Joseph Martin Thomas,    c/of Tri-State Pain Institute,   2374 Village Common Drive,
                 Erie, PA 16506-7201

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 10, 2020                                     Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 8, 2020 at the address(es) listed below:
        Gary V. Skiba    on behalf of Interested Party   Tri-State Pain Institute, LLC gskiba@marshlaw.com,
         DGeniesse@marshlaw.com;rose227@hotmail.com
        Guy C. Fustine    on behalf of Creditor    Official Committee of Unsecured Creditors for Tri-State
        Pain Institute, LLC mwernick@kmgslaw.com,    knoxbank@hotmail.com,burban@kmgslaw.com,
        mpol@kmgslaw.com;ecf.alert+Fustine@titlexi.com
        James  Warmbrodt    on behalf of Creditor   PNC BANK NATIONAL  ASSOCIATION bkgroup@kmllawgroup.com
        Lauren  Michaels    on behalf of Creditor   Office of Attorney General, Department of Revenue
        lmichaels@attorneygeneral.gov
        Mark G. Claypool    on behalf of Creditor   Ally Bank serviced by Ally Servicing LLC
        mclaypool@kmgslaw.com,   knoxbank@hotmail.com;chartle@kmgslaw.com;aklus@kmgslaw.com
        Michael F.J. Romano    on behalf of Creditor    TIAA Commercial Finance, Inc. mromano@rgalegal.com,
        tyowell@rgalegal.com;jromano@rgalegal.com
        Michael P. Kruszewski    on behalf of Debtor Joseph Martin Thomas mkruszewski@quinnfirm.com,
        knottingham@quinnfirm.com;mboni@quinnfirm.com;quinnbankruptcy@gmail.com;mmbquinnbankruptcy@gmail.
        com;mtrayer@quinnfirm.com;gbebko@quinnfirm.com
        Norma Hildenbrand,   on Behalf of the United States Trustee by    on behalf of U.S. Trustee
        Office of the United States Trustee Norma.L.Hildenbrand@usdoj.gov
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Salene R.M. Kraemer    on behalf of Creditor   WELLS FARGO BANK, N.A. skraemer@bernsteinlaw.com,
        salene@ecf.courtdrive.com
                                                                                         TOTAL: 10