FILED
8/11/20 12:51 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) Bankruptcy No. 20-10334-TPA |
| JOSEPH MARTIN THOMAS | ) |
| c/o Tri-State Pain Institute | ) |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| INTERNAL REVENUE SERVICE, | ) |
| and COMMONWEALTH OF PENNSYLVANIA, | ) |
| DEPARTMENT OF REVENUE | ) Related to Document No. 152 |
| | ) |
| Movants, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH MARTIN THOMAS | ) |
| c/o Tri-State Pain Institute | ) |
| Respondent. | ) |

**STIPULATION AND ORDER REGARDING CASH
COLLATERAL AND ADEQUATE PROTECTION**

Joseph Martin Thomas c/o Tri-State Pain Institute, the United States of America, on behalf of the Internal Revenue Service, as represented by counsel, and the Commonwealth of Pennsylvania, Office of Attorney General, by its undersigned counsel, on behalf of the Pennsylvania Department of Revenue, hereby stipulate as follows:

1.   Joseph Martin Thomas c/o Tri-State Pain Institute (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 6, 2020.

2.   Prior to May 6, 2020, the Internal Revenue Service (the "IRS") levied on property of the Debtor and filed a Notice of Federal Tax Lien against the Debtor. The lien memorialized in the Notice of Federal Tax Lien encumbered all property or rights to property belonging to the Debtor.

1

As of the petition date, the balance due on the periods with federal tax liens is $275,976.77. The IRS filed a proof of claim on June 4, 2020 at Claim No. 2.

3. The Pennsylvania Department of Revenue ("Revenue") holds a secured claim in the amount of $26,893.74 for personal income taxes for the tax years 2016 and 2017 by virtue of two liens recorded in Erie County at Docket Numbers 32118-18 and 30321-19, respectively. Revenue filed a proof of claim on May 21, 2020 at Claim No 1.

4. Among the property securing the claim of the IRS and Revenue (hereafter collectively referred to as the "Movants") are accounts receivable owed the Debtor by third parties, including but not limited to wages. Such assets constitute "cash collateral" within the meaning of 11 U.S.C. § 363(a). The Movants are also entitled to adequate protection prior to the use, sale, or lease of any non-cash collateral personal property pursuant to 11 U.S.C. § 363(e).

5. The Debtor is in need of cash collateral to pay current operating expenses in order to continue in business.

6. The Movants are willing to consent to the use of cash collateral and other personal property in which it holds a secured interest. This stipulation will enable the Debtor to continue to operate during the authorized period of this agreement and is necessary to provide the Movants with adequate protection (as defined in 11 U.S.C. § 361) of its interest in the assets of the Debtor.

7. To provide adequate protection for the secured claim of the Movants during the term of this agreement, the Debtor will do the following:

    a) The Movants shall be granted replacement liens on postpetition accounts receivable, including proceeds and products thereof. These postpetition liens will be shared with other secured creditors as those secured creditors are identified. The priority of each secured

2

creditor's interest in this postpetition lien will be based on the priority each secured creditor held in property of the Debtor as of the petition date. No additional notices of tax lien need be filed to perfect such postpetition liens but may be filed if the Movants so choose.

        b)      These postpetition liens shall be limited to accounts receivable that will be or have been acquired from the petition date through the term of this agreement. These liens shall be in addition to the liens that the Movants had in the assets and property of the Debtor as of the petition date, which extend to and encumber the proceeds and products of the property of the Debtor in existence at the time the bankruptcy petition was filed.

        c)      The Debtor will make monthly adequate protection payments as follows:

1. $4,600.00 on the secured prepetition tax debt of the IRS. Payment will be made to the Insolvency Unit, Internal Revenue Service, William S. Moorhead Federal Building, 1000 Liberty Avenue, Room 711B, Pittsburgh, Pennsylvania 15222.

2. $500.00 on the secured prepetition tax debt of the Pennsylvania Department of Revenue. Payment will be made to the Financial Enforcement Business Manager, Pennsylvania Office of Attorney General, Strawberry Square, 15th Floor, Harrisburg, PA 17120.

        d)      Payments will commence on August 20, 2020. The subsequent monthly payments will be made on the twentieth (20th) day of each month thereafter until a plan is confirmed, this case is dismissed or converted, or this agreement is terminated.

        8.      If the Debtor fails to provide the adequate protection agreed to above, the authorization to use cash collateral and other assets can be terminated as provided below.

        9.      This stipulation shall be effective retroactively upon entry of an order by the Court approving the same.

3

10.     The Movants may object at any time to the Debtor's continued use of cash collateral by giving written notice to the Debtor's counsel.  Seven (7) days after such written notice is given, the Debtor shall cease to use cash collateral pending further order of the Court after notice and hearing or pending further agreement with the Movants.  If authorization to use cash collateral expires, the adequate protection and replacement liens provided for in this agreement will continue to be effective until and unless otherwise modified by the Court.

11.     Upon the terms set forth above, the Movants consent to use by the Debtor of the cash collateral and other assets securing the claims of the IRS and Revenue.

12.     The Movants have released any levies they issued prepetition in exchange for this agreement.

13.     This agreement is subject to the approval of the United States Bankruptcy Court for the Western District of Pennsylvania.

4

AGREED TO AND STIPULATED BY:

| | |
|---|---|
| JOSEPH MARTIN THOMAS<br>c/o Tri-State Pain Institute | FOR THE UNITED STATES OF AMERICA<br><br>SCOTT W. BRADY<br>United States Attorney |
| */s/ Michael P. Kruszewski*<br>**Michael P. Kruszewski**<br>Quinn Law Firm<br>2222 West Grandview Boulevard<br>Erie, PA 16506<br>814-833-2222<br>Fax : 814-835-2076<br>Email: mkruszewski@quinnfirm.com<br><br>Dated:  July 27, 2020 | */s/Jill Locnikar*<br>Jill Locnikar<br>Assistant United States Attorney<br>700 Grant Street, Suite 4000<br>Pittsburgh, PA 15219<br>Tel: (412) 894-7429<br>Fax: (412) 644-4549<br>Email: jill.locnikar@usdoj.gov<br>PA. I.D. No. 85892<br><br>Dated: July 27, 2020 |
| | FOR THE PENNSYLVANIA DEPT. OF REVENUE<br><br>JOSH SHAPIRO<br>ATTORNEY GENERAL<br><br>*/s/Lauren A. Michaels*<br>Lauren A. Michaels<br>Deputy Attorney General<br>Pennsylvania Office of Attorney General<br>Counsel to Pennsylvania<br>Department of Revenue<br>1251 Waterfront Place<br>Mezzanine Level<br>Pittsburgh, PA 15222<br>Phone #: 412-235-9072<br>PA I.D. # 320686<br>Email: LMichaels@attorneygeneral.gov |

SO ORDERED by this Court, this 11th day of August, 2020.

Thomas P. Agresti, Judge    jlm
United States Bankruptcy Court

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Joseph Martin Thomas  
    Debtor

Case No. 20-10334-TPA  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0315-1     User: culy     Page 1 of 1     Date Rcvd: Aug 11, 2020  
                    Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 13, 2020.
```
db             +Joseph Martin Thomas,    c/of Tri-State Pain Institute,    2374 Village Common Drive,
                 Erie, PA 16506-7201
               +Jill Locnikar, Esq.,    Asst. U.S. Attorney,    700 Grant St., Ste. 4000,
                 Pittsburgh, PA 15219-1955
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.          TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2020          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 11, 2020 at the address(es) listed below:
```
              Crystal H. Thornton-Illar    on behalf of Creditor    The Kada Gallery
               cThornton-Illar@leechtishman.com,
               bankruptcy@leechtishman.com;mproden@leechtishman.com;thornton-illarcr81012@notify.bestcase.com
              Gary V. Skiba    on behalf of Interested Party    Tri-State Pain Institute, LLC gskiba@marshlaw.com,
               DGeniesse@marshlaw.com;rose227@hotmail.com
              Guy C. Fustine    on behalf of Creditor    Official Committee of Unsecured Creditors for Tri-State
               Pain Institute, LLC mwernick@kmgslaw.com,   knoxbank@hotmail.com,burban@kmgslaw.com,
               mpol@kmgslaw.com;ecf.alert+Fustine@titlexi.com
              James Warmbrodt    on behalf of Creditor    PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
              Lauren Michaels    on behalf of Creditor    Office of Attorney General, Department of Revenue
               lmichaels@attorneygeneral.gov
              Mark G. Claypool    on behalf of Creditor    Ally Bank serviced by Ally Servicing LLC
               mclaypool@kmgslaw.com,   knoxbank@hotmail.com;chartle@kmgslaw.com;aklus@kmgslaw.com
              Michael F.J. Romano    on behalf of Creditor    TIAA Commercial Finance, Inc. mromano@rgalegal.com,
               tyowell@rgalegal.com;jromano@rgalegal.com
              Michael P. Kruszewski    on behalf of Debtor Joseph Martin Thomas mkruszewski@quinnfirm.com,
               knottingham@quinnfirm.com;mboni@quinnfirm.com;quinnbankruptcy@gmail.com;mmbquinnbankruptcy@gmail.
               com;mtrayer@quinnfirm.com;gbebko@quinnfirm.com
              Norma Hildenbrand,   on Behalf of the United States Trustee by    on behalf of U.S. Trustee
               Office of the United States Trustee Norma.L.Hildenbrand@usdoj.gov
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Salene R.M. Kraemer    on behalf of Creditor    WELLS FARGO BANK, N.A. skraemer@bernsteinlaw.com,
               salene@ecf.courtdrive.com
                                                                                             TOTAL: 11
```