# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | BANKRUPTCY NO. 20-10334 -TPA |
| JOSEPH MARTIN THOMAS, : | |
|     Debtor. : | CHAPTER NO. 11 |
| : | |
| JOSEPH MARTIN THOMAS, : | |
| : | |
|   Movant, : | |
| : | RELATED DOC. NO. 206 |
|        v. : | |
| : | **Hearing Date: November 19, 2020, at 1 p.m.** |
| : | |
| TOWNSHIP OF GREENE, TAX : | **Response Deadline:  November 9, 2020** |
| COLLECTOR; GREEN TOWNSHIP : | |
| SEWER AUTHORITY; CHARLES R. : | |
| BURGER and MARGARET J. BURGER, : | |
| their heirs, successors, and assigns; : | |
| PNC BANK, NATIONAL ASSOCIATION : | |
| WELLS FARGO BANK, N.A., UNITED : | |
| STATES OF AMERICA, INTERNAL : | |
| REVENUE SERVICE; : | |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, | |
| DEPARTMENT OF REVENUE; | |
| and RICHARD A. MLAKAR and : | |
| CYNTHIA A. MLAKAR, : | |
| : | |
|     Respondents. : | |

## LIMITED OBJECTION OF WELLS FARGO, NATIONAL ASSOCIATION TO MOTION FOR PRIVATE SALE OF REAL PROPERTY FREE AND DIVESTED OF LIENS (CM/ECF #206)

Wells Fargo Bank, N.A.,("Wells Fargo") by and through its undersigned counsel, hereby files this limited objection to that certain Motion for Private Sale of Real Property Free and Divested of Liens (CM/ECF#206) filed by Dr. Joseph Martin Thomas (the "Debtor") and hereby states as follows:

1

1. Wells Fargo generally does not object to the private sale of Debtor's 9830 Wattsburg Road property (the "Property"); <u>provided that</u> the Debtor provides Wells Fargo an opportunity to review the closing statement prior to such closing.

2. Wells Fargo, however, does **not** consent to the proposed flat 10% carve-out for Debtor's counsel's fees, as referenced in paragraph 13(a) of the Motion.

3. Wells Fargo is owed well-over $572,000 on its secured loan to the Debtor which is secured by the Property. The Debtor proposes to pay $174,000 from the proceeds of the sale of the Property. As a result, the sale of the Property will not pay off the Wells Fargo debt in its entirety.

4. True, additional collateral serves as security for the underlying debt. The Wells Fargo Bank loan is also secured by a first mortgage on real estate located at Lot 15 Village Common Drive, Erie, Pennsylvania 16506, Tax Identification No. 33-123-418-0-034.01, in addition to assets pledged by Greater Erie Surgery Center, LLC and Tri-State Pain Institute, LLC. As of this date, however, Dr. Thomas has not liquidated such collateral and it does not serve to pay down this debt.

5. The Debtor proposes to hire a court-approved real estate broker who will earn a 6% commission in the amount of $17,200.00. It is the broker who has been hired to market and sell the home. The broker will reap his or her 6% fee and Wells Fargo does not object to that.

6. Absent an express agreement to the contrary, expenses associated with administering a bankruptcy estate, including pledged assets, are **not** chargeable to a secured creditor's collateral or claim but must be paid out of the estate's unencumbered assets.

7. At all times, throughout this Chapter 11 Case, Wells Fargo has preserved its right to object to any motion pursuant to Bankruptcy Code 506(c)[1] for the approval of a surcharge claim against Wells Fargo's collateral and for the payment of such professionals' fees and expenses from the proceeds of Wells Fargo's collateral.  It appears that Debtor's counsel is attempting to seek 506 relief in the Motion.  At this time, Wells Fargo cannot support that request.

8. Also, Debtor's counsel has not shown that a flat fee of 10% is "reasonable" given the facts and circumstances of this sale.

---

[1] Bankruptcy Code section 506(c) authorizes a debtor that used encumbered cash to pay expenses to preserve or benefit collateral, to recover those expenses from the secured creditor upon satisfaction of three conditions (other than through express consent):  (i) the expenses must be "necessary" to preserve or dispose of the collateral, (ii) they must be "reasonable," and (iii) the incurrence of the expenses must provide a "benefit" to the secured creditor. 11 U.S.C. Section 506 (c).

WHEREFORE, for all of the foregoing reasons, Wells Fargo objects to the Motion on a limited basis and respectfully requests that this Court approve the Motion, but strike the following proposed term:

> The sum of $29,990.00 (10% of the sale price) from the net proceeds shall be paid to Debtor's counsel, Michael P. Kruszewski, Esquire and the Quinn Law Firm on account of approved and anticipated, necessary costs and expenses of the administration of the Bankruptcy Estate. Said sum shall be partially distributed by Debtor's counsel on account of approved costs/expenses of administration and/or held by Debtor's counsel in trust until such costs and expenses are approved by the Court.

Respectfully submitted,

/s/ Salene Mazur Kraemer

Salene R.M. Kraemer, Esquire
PA ID No. 86422
skraemer@bernsteinlaw.com
BERNSTEIN-BURKLEY, P.C.
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA  15219
(412) 456-8100 Telephone
(412) 456-8135 Facsimile
***Counsel for Wells Fargo***