FILED
11/20/20 4:11 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| JOSEPH MARTIN THOMAS, | : | Case No. 20-10334-TPA |
| *Debtor* | : | |
| | : | Chapter 11 |
| MacDONALD, ILLIG, JONES | : | |
| and BRITTON, LLP, | : | Related to Doc. No. 204 |
| *Movant* | : | |
| | : | |
| v. | : | |
| | : | |
| NO RESPONDENT | : | |

## *ORDER*

Movant MacDonald, Illig, Jones and Britton, LLP ("MIJB") was appointed as special

counsel for the Debtor by order dated July 8, 2020, Doc. No. 133, relating back to the date of the

petition.  MIJB filed an ***Application of Special Counsel for the Debtor for Interim Compensation***

***of Attorneys' Fees and Reimbursement of Expenses*** ("Fee Application") at Doc. No. 84 on October

21, 2020, seeking total fees $81,563.50 and expenses of $232.33 for the period from May 6, 2020

through August 31, 2020.  The *Fee Application* breaks down  the requested fees into four broad

categories: global sale/employment opportunities/business operations ($55,296), litigation matters

($22,453), licensing matters ($3,039.50), and LECOM project ($775).

A *Limited Objection* to the *Fee Application* was filed by the Offical Creditors'

Committee ("Committee") for the companion case of Tri-State Pain Institute, LLC, ("Tri-State")

Case No. 20-10049-TPA.  See, Doc. No. 210.  In the *Limited Objection* the Committee states that

it does not oppose the requested fees in the litigation, licensing and LECOM project categories, but

it does object to the fees sought in the global sale/employment opportunities/business operations

category.  Broadly speaking, the *Limited Objection* rests on the grounds that the services provided were beyond the scope of what MIJB was authorized to provide, were in part performed for non-Debtor entities, and are excessive.  At the hearing on the *Fee Application* the Committee further argued that the legal services did not provide a benefit to the estate.

MIJB and the Debtor countered at the hearing by arguing that the services which MIJB provided were of benefit to the estate, and that if MIJB had not performed the services they would have had to be performed by other attorneys in the firm of Debtor's counsel because they involved matters outside the bankruptcy expertise of Debtor's counsel, which matters were important and necessary to the bankruptcy case.  They additionally argued that the expense would likely have been even higher if attorneys other than MIJB had to perform the services because MIJB had represented the Debtor in these matters prior to the bankruptcy filing, and thus had an existing knowledge base and familiarity with the issues presented whereas a new attorney would have had to devote considerable time to come up to speed.  Finally, they argued that even though some of the legal services may have involved entities other than the Debtor, they are all owned by him and are all inextricably intertwined with and affect the Debtor's case.

After carefully reviewing the *Fee Application* and the *Limited Objection*, and considering the arguments of Counsel made at the hearing, the Court indicated that it was inclined to grant the *Fee Application* as requested.  The Court stated that the services in question do appear to have provided a significant benefit to the estate, noting for example that the settlement of the employment claim of a departing doctor was made on terms that were monetarily very favorable to the Tri-State estate, which ultimately redounded to the benefit of this estate as well, and that MIJB

was instrumental in that result.  The Court also agreed that the matters which the Committee

objected to were of a specialized nature beyond bankruptcy law and were necessary, such that some

other attorneys would have had to perform them if MIJB had not done so.  Upon hearing the Court's

view, Counsel for the Committee ultimately indicated that he would defer to the Court's conclusion,

which the Court takes as a withdrawal of the *Limited Objection*.

The above having been said, the Court must go on to note that the Committee did

raise an excellent point in the *Limited Objection* to the effect that total awarded professional fees in

this and the Tri-State case already exceed $400,000–and that even before the approval of the *Fee*

*Application*.  Such a rate of accrual of professional fees is not sustainable in these cases.  The

attorneys at the hearing today explained that all of the difficult legal issues now appear to have been

addressed, and that going forward the major activities will be restricted to efforts to liquidate estate

assets and address any secured creditor issues related thereto.  These are matters well within the

competency of bankruptcy counsel that do not seem to present any particularly difficult legal

questions , and the Court would therefor anticipate that the need for the services of special counsel

will be minimal, and that bankruptcy counsel will be circumspect in the billing of their time.  All

interested parties are on notice that this is the starting point from which the Court will review any

future fee applications filed in this or the Tri-State cases.

AND NOW, this **19**<sup>th</sup> day of **November, 2020**, upon consideration of the *Fee*

*Application*, and the withdrawal of the *Limited Objection* by the Committee, and for the reasons

stated above and on the record at the time of the hearing, it is **ORDERED, ADJUDGED** and

*DECREED* that the *Fee Application* is *GRANTED* and that MIJB is awarded interim attorney fees

in the amount of $81,563.50 and reimbursement of expenses in the amount of $232.33, for a total

of $81,795.83.  The amounts allowed herein are immediately due and payable so long as payment

does not interfere with the successful reorganization of the Debtor.

asg

Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
    Michael Kruszewski, Esq.
    Guy Fustine, Esq.
    Gary Skiba, Esq.
    James McDonald, Jr., Esq.
    Michael Romano, Esq.
    Norma Hildenbrand, Esq.
    Brian Nicholas, Esq.
    Salene Kraemer, Esq.
    Lauren Michaels, Esq
    Mark Claypool, Esq.
    Ctrystal Thornton-Illar, Esq.

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                                          Case No. 20-10334-TPA

Joseph Martin Thomas                                                                            Chapter 11

     Debtor(s)

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-1 | User: culy | Page 1 of 2 |
| Date Rcvd: Nov 20, 2020 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 22, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| | + | James F. McDonald, Jr., Esq., MacDonald Illig Jones & Britton, LLP, 100 State Street, Suite 700, Erie, PA 16507-1459 |
| sp | + | MacDonald, Illig, Jones, & Britton LLP, 100 State Street, Suite 700, Erie, PA 16507-1459 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2020                          Signature:          /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 20, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brian Nicholas | |
| | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bnicholas@kmllawgroup.com |
| Crystal H. Thornton-Illar | |
| | on behalf of Creditor The Kada Gallery cThornton-Illar@leechtishman.com bankruptcy@leechtishman.com;mproden@leechtishman.com;thornton-illarcr81012@notify.bestcase.com |
| Gary V. Skiba | |
| | on behalf of Interested Party Tri-State Pain Institute  LLC gskiba@marshlaw.com, DGeniesse@marshlaw.com;rose227@hotmail.com |
| Guy C. Fustine | |
| | on behalf of Creditor Official Committee of Unsecured Creditors for Tri-State Pain Institute  LLC mwernick@kmgslaw.com, knoxbank@hotmail.com,burban@kmgslaw.com,amulryan@kmgslaw.com |
| Lauren Michaels | |

District/off: 0315-1                            User: culy                                    Page 2 of 2
Date Rcvd: Nov 20, 2020                      Form ID: pdf900                              Total Noticed: 2

> on behalf of Creditor Office of Attorney General  Department of Revenue lmichaels@attorneygeneral.gov

Mark G. Claypool

> on behalf of Creditor Ally Bank serviced by Ally Servicing LLC mclaypool@kmgslaw.com
> knoxbank@hotmail.com;chartle@kmgslaw.com;aklus@kmgslaw.com

Michael F.J. Romano

> on behalf of Creditor TIAA Commercial Finance  Inc. mromano@rgalegal.com, tyowell@rgalegal.com;jromano@rgalegal.com

Michael P. Kruszewski

> on behalf of Debtor Joseph Martin Thomas mkruszewski@quinnfirm.com
> knottingham@quinnfirm.com;mboni@quinnfirm.com;quinnbankruptcy@gmail.com;mmbquinnbankruptcy@gmail.com;mtrayer
> @quinnfirm.com;gbebko@quinnfirm.com;jiddings@quinnfirm.com

Norma Hildenbrand, on Behalf of the United States Trustee by

> on behalf of U.S. Trustee Office of the United States Trustee Norma.L.Hildenbrand@usdoj.gov

Office of the United States Trustee

> ustpregion03.pi.ecf@usdoj.gov

Salene R.M. Kraemer

> on behalf of Creditor WELLS FARGO BANK  N.A. skraemer@bernsteinlaw.com, salene@ecf.courtdrive.com


TOTAL: 11