FILED
1/22/21 11:00 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
|  | : BANKRUPTCY NO. 20-10334 TPA |
| JOSEPH MARTIN THOMAS, | : |
|    Debtor. | : THE HONORABLE THOMAS P. AGRESTI |
|  | : |
| JOSEPH MARTIN THOMAS, | : CHAPTER 11 |
|  | : |
|    Movant, | : RELATED TO DOCUMENT NO. 251 |
|  | : |
| v. | : |
|  | : |
| NO RESPONDENT. | : |
|  | : |

## ORDER EMPLOYING SPECIAL COUNSEL

**AND NOW**, this 22nd day of January, 2021, upon consideration of the *Motion to Vacate Special Counsel Retention Order and for Entry of Updated Retention Order (the " Motion ")*, it is **ORDERED, ADJUDGED and DECREED** as follows:

(1) The prior retention order entered on December 17, 2020 (Doc. No. 238) is hereby ***VACATED***.

(2) ***Jesse B. Baldwin, Esquire and the law firm of Addelman Cross & Baldwin, PC, 5680 Main Street, Buffalo, New York 14221,*** is hereby appointed, as of the date of filing the *Motion*, as ***Special Counsel*** for the Debtor pursuant to the terms (including compensation terms) described in the above referenced Application for the limited purpose of acting as attorney in connection with the interest of the Estate/Debtor to defend licensing and disciplinary matters before the New York State Department of Health, ***PROVIDED HOWEVER***, no settlement of any claim is to occur without prior Court Order after notice and hearing.

(3) Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including: the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

#1416083

(4) Approval of any motion for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms, and is not a preapproval of compensation pursuant to 11 U.S.C. § 328(a). Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order. Any retainer paid to the Special Counsel is unaffected by this Order and remains property of the Estate until further order of Court.

(5) Notwithstanding anything to the contrary in the letter of engagement or agreement between the Debtor and Special Counsel, this Order does not authorize Special Counsel to retain or pay any outside counsel or other professional to assist Special Counsel in this matter unless such is done at no expense to Debtor, directly or indirectly. Any other retention of and payment to an outside counsel or other professional is subject to prior approval of the Court.

(6) Debtor shall serve the within Order on all interested parties and file a certificate of service.

_____
Thomas P. Agresti, Judge    jlm
United States Bankruptcy Court

#1416083