FILED
3/16/21 12:17 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| JOSEPH MARTIN THOMAS, | : | Case No. 20-10334-TPA |
| *Debtor* | : | |
| | : | Chapter 11 |
| MacDONALD, ILLIG, JONES, | : | |
| & BRITTON, LLP, | : | Related to Doc. No. 261 |
| *Movant* | : | |
| | : | Hearing: April 22, 2021 at 10:00 A.M. |
| v. | : | |
| NO RESPONDENT | : | |

| | | |
|---|---|---|
| IN RE: | : | |
| JOSEPH MARTIN THOMAS, | : | Case No. 20-10334-TPA |
| *Debtor* | : | |
| | : | Chapter 11 |
| MICHAEL P. KRUSZEWSKI, | : | |
| ESQUIRE and QUINN, BUSECK, | : | Related to Doc. No. 263 |
| LEEMHUIS, TOOHEY & | : | |
| KROTO, INC., | : | Hearing: April 22, 2021 at 10:00 A.M. |
| *Movant* | : | |
| | : | |
| v. | : | |
| NO RESPONDENT | : | |

## ORDER

Pending for consideration are the ***Second Application of Special Counsel for the Debtor for Interim Compensation of Attorneys' Fees and Reimbursement of Expenses*** ("Special Counsel Application"), filed at Doc. No. 261 and the ***Second Application of Counsel for the Debtor for Interim Compensation of Attorneys' Fees and Reimbursement of Expenses*** (Debtor's Counsel Application," and collectively with the *Special Counsel Application*, "the Applications"), filed at Doc. No. 263. The Official Creditors' Committee ("Committee") for Tri-State Pain Institute, LLC, a related case (Case No. 20-10049-TPA) has filed a *Response to Second Interim Applications for*

1

*Compensation on Behalf of Counsel for the Debtor* ("Response") at Doc. No. 285. A third, related case, 2374 Village Common Drive, LLC, Case No. 21-10118, has just recently been filed. Hereinafter the previously referred to related and pending cases are referenced in the aggregate as the "Related Cases."

The *Response* states that while the Committee does not object to the *Applications per se*, it does question what it terms the "excessive and burdensome administrative fees" that have been incurred in the case generally. Noting that the Debtor relies heavily on Special Counsel notwithstanding that he is separately represented by Bankruptcy Counsel, the *Response* submits that this has led to redundant services and asserts that representation of the Debtor needs to be done more efficiently.

The Court believes that the Committee raises a valid point, and in fact the Court itself said much the same thing in an order it issued several months ago in connection with a previous fee application. *See*, Order of November 19, 2020, Doc. No. 219. While the Court appreciates that this case (and the other related cases) has presented numerous challenges to Counsel, and while it commends all the Professionals for the fine work they have done, it cannot simply ignore the size of the fee expenses that have built up in aggregate in the Related Cases and the overall threat this development poses to the administrative solvency of all of the Related Cases.

At the March 11, 2021, hearing on the *Applications,* the Court noted a number of items of concern included within the *Special Counsel Application*. That was not done because the Court views Special Counsel as singularly to blame for the size of the aggregate administrative claim pool in the Related Cases. It could just easily gone through the *Debtor's Counsel Application* – or

2

the anticipated fee application of the Committee's Counsel upon its filing in th Tri-State case – and raised similar concerns about line items contained therein. The overriding concern of the Court here is not to cast aspersions on anyone, but to highlight the legitimate, general concern that the Committee has raised regarding administrative expenses. Under the circumstances, the Court believes that all Counsel can and must do better to rein in those expenses.

As was indicated at the March 11th hearing, the Court will refrain from ruling on the *Applications* for a period of time so as to allow Counsel and the Committee to discuss the matter and see if they can come up with an acceptable, omnibus resolution concerning the ultimate fees to be considered, in the aggregate, and to be paid in this and the Related Cases. Knowing all of the Professionals to be individuals of good faith and reasonable disposition the Court is confident that this approach will be productive. As mentioned in passing at the hearing, a similar issue arose in a complex Chapter 11 case before the Court several years ago and it was successfully resolved – largely through the efforts of an attorney within the office of the Special Counsel. The Court would strongly suggest using that experience as a model to be followed here.

*AND NOW*, this **16th** day of **March, 2021**, it is **ORDERED, ADJUDGED** and **DECREED** that,

(1) In order to facilitate a "global" resolution of pending and the anticipated, prospective fee application issue, the Court directs that ***on or before March 30, 2021***, all Counsel in the Related Cases share fee and expense information accrued and/or incurred to date, whether or not that information has been included in any pending or prospective fee applications filed or to be filed in the Related Cases. Thereafter the Professionals are to meet and attempt consensus as to the

3

respective amount of fees incurred to date and to be awarded in the Related Cases. *On or before April 20, 2021,* The Professionals shall present any proposed resolution regarding the fee application issue to the Court for consideration. In the event the Professionals are unable to present such a "consensus" to the Court, the Court will determine in the normal course the appropriate fees to be awarded.

(2)  Further consideration of *the Applications* is continued to *April 22, 2021 at 10:00 A.M.* before Judge Thomas P. Agresti via the *Zoom Video Conference Application* ("Zoom"). To join the Zoom hearing please initiate and use the following link at least 15 minutes prior to the scheduled hearing time: https://www.zoomgov.com/j/16021303488, or alternatively, you may use the following to access the Zoom Hearing: **Meeting ID: 160 2130 3488**. For questions regarding the connection, contact Judge Agresti's Staff Lawyer, Atty. Courtney Helbling, at 814-464-9781. *All attorneys and Parties may only appear by Zoom* and must comply with Judge Agresti's *Amended Notice of Temporary Modification of Appearance Procedures*, dated and effective June 10, 2020, which can be found on the Court's website at https://www.pawb.uscourts.gov/sites/default/files/pdfs/tpa-proc-appearances.pdf.

*[signature]*  jlm

Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve;
    Michael Kruszewski, Esq.    James D. McDonald, Jr., Esq.
    Guy Fustine, Esq.    Gary Eiben, Esq.
    Debtor    MacDonald Illig Jones & Britton LLP
        100 State St., Suite 700
        Erie, PA 15407

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-10334-TPA |
| Joseph Martin Thomas | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-1 | User: jmar | Page 1 of 2 |
| Date Rcvd: Mar 16, 2021 | Form ID: pdf900 | Total Noticed: 4 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 18, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Joseph Martin Thomas, c/of Tri-State Pain Institute, 2374 Village Common Drive, Erie, PA 16506-7201 |
| sp | + | Gary Eiben, MacDonald Illig Jones & Britton, LLP, 100 State St., Ste. 700, Erie, PA 16507-1459 |
| | + | James D. McDonald, Jr., Esq., MacDonald Illig Jones & Britton LLP, 100 State Street, Suite 700, Erie, PA 16507-1459 |
| sp | + | MacDonald, Illig, Jones, & Britton LLP, 100 State Street, Suite 700, Erie, PA 16507-1459 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 18, 2021        Signature:        /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 16, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew F Gornall | on behalf of Interested Party Barbara Noonan andygornall@latouflawfirm.com |
| Brian Nicholas | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bnicholas@kmllawgroup.com |
| Crystal H. Thornton-Illar | on behalf of Creditor The Kada Gallery cThornton-Illar@leechtishman.com bankruptcy@leechtishman.com;mproden@leechtishman.com;thornton-illarcr81012@notify.bestcase.com |
| Gary V. Skiba | on behalf of Interested Party Tri-State Pain Institute  LLC gskiba@marshlaw.com, DGeniesse@marshlaw.com;rose227@hotmail.com |

| | | |
|---|---|---|
| District/off: 0315-1 | User: jmar | Page 2 of 2 |
| Date Rcvd: Mar 16, 2021 | Form ID: pdf900 | Total Noticed: 4 |

Guy C. Fustine
    on behalf of Creditor Official Committee of Unsecured Creditors for Tri-State Pain Institute  LLC mwernick@kmgslaw.com, knoxbank@hotmail.com,burban@kmgslaw.com,amulryan@kmgslaw.com

Lauren Michaels
    on behalf of Creditor Office of Attorney General  Department of Revenue lmichaels@attorneygeneral.gov

Mark G. Claypool
    on behalf of Creditor Ally Bank serviced by Ally Servicing LLC mclaypool@kmgslaw.com knoxbank@hotmail.com;chartle@kmgslaw.com;aklus@kmgslaw.com

Michael F.J. Romano
    on behalf of Interested Party TIAA Commercial Finance  Inc. mromano@rgalegal.com, tyowell@rgalegal.com;jromano@rgalegal.com

Michael F.J. Romano
    on behalf of Creditor TIAA Commercial Finance  Inc. mromano@rgalegal.com, tyowell@rgalegal.com;jromano@rgalegal.com

Michael P. Kruszewski
    on behalf of Debtor Joseph Martin Thomas mkruszewski@quinnfirm.com knottingham@quinnfirm.com;mboni@quinnfirm.com;quinnbankruptcy@gmail.com;mmbquinnbankruptcy@gmail.com;mtrayer@quinnfirm.com;gbebko@quinnfirm.com;jiddings@quinnfirm.com

Michael P. Kruszewski
    on behalf of Debtor 2374 Village Common Drive LLC mkruszewski@quinnfirm.com knottingham@quinnfirm.com;mboni@quinnfirm.com;quinnbankruptcy@gmail.com;mmbquinnbankruptcy@gmail.com;mtrayer@quinnfirm.com;gbebko@quinnfirm.com;jiddings@quinnfirm.com

Norma Hildenbrand, on Behalf of the United States Trustee by
    on behalf of U.S. Trustee Office of the United States Trustee Norma.L.Hildenbrand@usdoj.gov

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Ronald B. Roteman
    on behalf of Creditor Steven E. Ribbing rroteman@stonecipherlaw.com  cbeard@stonecipherlaw.com

Ronald B. Roteman
    on behalf of Creditor Kay B. Ribbing rroteman@stonecipherlaw.com  cbeard@stonecipherlaw.com

Salene R.M. Kraemer
    on behalf of Creditor WELLS FARGO BANK  N.A. skraemer@bernsteinlaw.com, salene@ecf.courtdrive.com

TOTAL: 16