UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: <br> JOSEPH MARTIN THOMAS, <br>     Debtor. <br><br> WELLS FARGO NATIONAL ASSOCIATION, <br>     Movant, <br><br> vs. <br><br> TRI-STATE PAIN INSTITUTE, LLC, JOSEPH MARTIN THOMAS, and 2374 VILLAGE COMMON DRIVE, LLC, <br>     Respondents. | CASE NO. 20-10334 TPA <br><br> CHAPTER 11 <br><br> RELATED TO DOCUMENT NO. 291 <br><br> DATE AND TIME OF HEARING: <br><br> February 28, 2021 at 11:00 a.m. <br><br> RESPONSE DEADLINE: <br><br> April 2, 2021 |

## RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

And now, comes the Debtor, Joseph Martin Thomas, by and through his counsel, the Quinn Law Firm, and files this Response to *Wells Fargo National Association's Expedited Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362 or Alternatively Dismissal or Conversion of Case or Appointment of Chapter 11 Trustee* ("Motion for Relief from the Automatic Stay"), and in support thereof submits the following:

### RESPONSE

1.    Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

2.    Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

3.    Admitted.

1

#1430464

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted in part and denied in part. The allegations set forth in this Paragraph are generally admitted, except that Tri-State Pain does not lease the Village Common Vacant Land Property.

9. Admitted.

10. Admitted.

11. Admitted, except that the Court subsequently issued an Order (2374 VCD Doc. No. 33) scheduling the hearing to consider the approval of the 2374 Disclosure Statement for April 9, 2021.

12. Admitted. By way of further response, the Court subsequently issued an Order on March 10, 2021 (2374 VCD Doc. No. 39) allowing the use of cash collateral on an interim basis.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted. By way of further response, Dr. Thomas's Village Common Loan Guaranty is unsecured to the extent that the collateral pledged for the Loan is not an asset of his Bankruptcy Estate, but of the Bankruptcy Estate of 2374 Village Common Drive, LLC. *See, e.g., Schwab v. Stroup (In re Stroup)*, 521 B.R. 84 (Bankr. M.D. Pa. 2014).

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted. By way of further response, Dr. Thomas's Village Common Loan Guaranty is unsecured to the extent that the collateral pledged for the Loan is not an asset of his Bankruptcy Estate, but of the Bankruptcy Estate of 2374 Village Common Drive, LLC. *See, e.g., Schwab v. Stroup (In re Stroup)*, 521 B.R. 84 (Bankr. M.D. Pa. 2014). Dr. Thomas specifically reserves the right to object to the secured classification of Claim No. 22 on that basis.

26. The Debtors are without sufficient knowledge or information to admit or deny the factual allegations set forth in this Paragraph and, therefore, deny the same.

27. Denied. Payments in the total amount of $177,727.49 were made on the Tri-State Loan on or about January 1, 2021. Payments were subsequently made on the Village Common Loan in the amount of $29,893.78 for March and April of 2021. By way of further response, the Final Cash Collateral Order called for, in part, payments of $17,960.79 on the Tri-State Loan, which have effectively been satisfied by the aforementioned payments of $177,727.49. *See. e.g., In re ELMIRA LITHO, INC.*, 174 B.R. 892 at 903 (S.D.N.Y 1994) (A secured creditor can sometimes prove its

#1430464

case *qualitatively*, but not if the undisputed proof shows that the debtor has made substantial post-petition payments). Also, as a result of the COVID-19 shutdown, the Parties were negotiating, beginning in or around August of 2020, a modification to the Final Cash Collateral Order that called for a deferral, subject to the execution of a COVID-19 Payment Deferral Agreement, of payments due for April through August 2020, the funds for which the Debtors then set aside in anticipation thereof. The Debtors made the decision to list the Tri-State Building for sale shortly thereafter.

28. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

29. Admitted. By way of further response, a *Joint Motion for Order Approving Sale of Real Estate Free and Divested of Liens* was subsequently filed at 2374 VCD Doc. No. 28 (the "Sale Motion"), including a copy of the fully executed sale agreement.

30. Admitted in part and denied in part. The Sale Motion was subsequently filed with a final offer. By way of further response, the Movant is currently aware of potentially higher bids. Additionally, Movant through its Counsel did previously encourage and facilitate an offer from Mr. Kramer.

31. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded. First, the previously proposed carve-out is still being negotiated between the Movant and the Debtors, and at a reduced amount. By way of further response, the Debtors reserve the right to surcharge the Movant's collateral pursuant to 11 U.S.C. § 506(c) on account of the necessary and reasonable fees and costs incurred by the Debtor in connection with the Sale Motion, which ultimately

4

functions for the Movant's benefit by liquidating or allowing for the repossession of its collateral.

32. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

33. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

34. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

35. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

36. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

37. Denied. Payments in the amount of $177,727.49 were made on the Tri-State Loan on or about January 1, 2021. Payments were subsequently made on the Village Common Loan in the amount of $29,893.78 for March and April of 2021. By way of further response, the Final Cash Collateral Order called for, in part, payments of $17,960.79 on the Tri-State Loan, which have effectively been satisfied by the aforementioned payments of $177,727.49. Also, as a result of the COVID-19 shutdown, the Parties were negotiating, beginning in or around August of 2020, a modification to the Final Cash Collateral Order that called for a deferral, subject to the execution of a COVID-19 Payment Deferral Agreement, of payments due for April through August 2020, the funds for which the Debtors then set aside in anticipation thereof. The Debtors made the decision to list the Tri-State Building for sale shortly thereafter.

38. Admitted. By way of further response, the financial difficulties leading to the filing of the Debtors respective Bankruptcy Cases caused the Debtors to be unable to pay said property taxes. The Debtors currently seek to liquidate those Properties in an effort to satisfy said property taxes.

39. Admitted in part and denied in part. It is denied that the Debtors sale efforts are insufficient to provide for a meaningful source of funds for creditors. With the elimination of the overhead associated with these Properties, the Debtors will be better situated to make long-term payments to creditors under the proposed Plans. Additionally, if any funds are realized from these sale efforts for the payment of administrative expenses, the Debtors' burdens will be alleviated even further.

40. The Debtors are without sufficient knowledge or information to admit or deny the factual allegations set forth in this Paragraph and, therefore, deny the same. By way of further response, the Movant is currently aware of potential higher bids for the Properties, and great efforts will be undertaken by the Debtors and their professional to market the proposed sale for higher bids.

41. Denied. The Plans provide for the indubitable equivalent of Movant's claims by offering it a vehicle to liquidate or take possession of its collateral. *See, e.g., In re Phila. Newspapers, LLC*, 599 F.3d 298 at 309-10 (3rd Cir. 2010). Any unsecured deficiency balance remaining after the liquidation/repossession of its collateral shall be treated as an unsecured claim under the Plans. Additionally, The Debtor had listed the Tri-State Building for sale as of November 3, 2020, at a listing price of $7.5m. Upon information and belief, the Tri-State Building was appraised in late 2020 for approximately $5.9m, and the Village Common Land has been listing at a price of

$399,000.  Wells Fargo is owed approximately $4.1m on both Loans.  As a result, the Debtor herein submits that Wells Fargo is adequately protected because the fair market value of the Properties for sale exceeds the balance of its Claim(s), which value may be realized upon the liquidation/repossession of the Property.  Finally, payments in the amount of $177,727.49 were made on the Tri-State Loan on or about January 1, 2021, and payments were subsequently made on the Village Common Loan in the amount of $29,893.78 for March and April of 2021.

42.    Admitted.  By way of further response, the Court subsequently entered an Order on March 26, 2021 (Dr. Thomas Doc. No. 338) approving the new commercial lease with Medical Associates of Erie.

43.    Admitted in part and denied in part.  It is admitted that the Plans contained such language at the time they were filed, but the previously proposed carve-out is still being negotiated between the Movant and the Debtors, and at a reduced amount.

44.    Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.  By way of further response, the Sale Motion was subsequently filed with a final offer, subject to the Movant's objection, and the Movant is currently aware of potentially higher bids.  In addition, an Order Approving Bid Procedures was subsequently entered by the Court at Doc. No. 76 (the "Bid Procedures Order"), which does not exclude or limit the Movant's right to credit bid at the time of sale.

45.    Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.  By way of further response, the Debtor had listed the Village Drive Property for sale as of November 3, 2020, at a listing price of $7.5m.

Upon information and belief, the Village Drive Property has been recently appraised for approximately $5.9m. The Debtor had listed the Village Common Land at a listing price of $399,000. Wells Fargo is allegedly owed approximately $4.1m. As a result, the Debtors herein submit that Movant is adequately protected because the fair market value of the Properties for sale exceeds the balance of its Claim(s), which value may be realized upon the sale or repossession of the Properties. In addition, payments in the amount of $177,727.49 were made on the Tri-State Loan on or about January 1, 2021. Payments were subsequently made on the Village Common Loan in the amount of $29,893.78 for March and April of 2021. The Final Cash Collateral Order called for, in part, payments of $17,960.79 on the Tri-State Loan, which have effectively been satisfied by the aforementioned payments of $177,727.49. Moreover, the value of collateral subject to the Final Cash Collateral Order in the Tri-State Case should be limited to those assets owned by Tri-State, which do not include the Properties.

46. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

47. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

48. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

49. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

50. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

51. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

52. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

53. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

54. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

55. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

56. Denied. The timing of these Cases had been exacerbated by, among other things, the COVID-19 shutdown(s). As a result thereof, the Parties were negotiating, beginning in or around August of 2020, a modification to the Final Cash Collateral Order that called for a deferral, subject to the execution of a COVID-19 Payment Deferral Agreement, of payments due for April through August 2020. The Debtors made the decision to list the Tri-State Building for sale shortly thereafter but had been dedicated to saving it up until that point. Now, with the elimination of substantial overhead from the sale or surrender of the Tri-State Building, the Debtors have a legitimate chance to significantly alter their business model for reorganization, thus freeing up funds for long-term plan payments. Additionally, the Plans will be funded from the liquidation of other assets.

57. Denied. Tri-State is able to continue as a going concern with only limited remaining equipment. TIAA's equipment is no longer necessary to an effective

reorganization. The imaging services provided by the Debtors, which are now being discontinued, were an added feature of the Debtors' practice.  The Debtor will now return simply to pain management and related services only, eliminating even more significant overhead in the process.  By way of further response, the Debtors have offered to pay the Movant for that remaining Tri-State equipment and/or GESC equipment, which is being contributed to Tri-State's Plan subject to the Movant's secured interest, that it would prefer to retain.  The financial projections supporting the Debtors' Plans demonstrate their ability to pay for said equipment over a reasonable time with interest.

58. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.  Payments in the amount of $177,727.49 were made on the Tri-State Loan on or about January 1, 2021.  Payments were subsequently made on the Village Common Loan in the amount of $29,893.78 for March and April of 2021.  By way of further response, the Final Cash Collateral Order called for, in part, payments of $17,960.79 on the Tri-State Loan, which have effectively been satisfied by the aforementioned payments of $177,727.49.  Also, as a result of the COVID-19 shutdown(s), the Parties were negotiating, beginning in or around August of 2020, a modification to the Final Cash Collateral Order that called for a deferral, subject to the execution of a COVID-19 Payment Deferral Agreement, of payments due for April through August 2020.  The Debtors made the decision to list the Tri-State Building for sale shortly thereafter, the fair market value of which adequately protects the Movant's Claim(s).

#1430464

59. Admitted. By way of further response, the financial difficulties leading to the filing of the Debtors respective Bankruptcy Cases caused the Debtors to be unable to pay said property taxes. The Debtors currently seek to liquidate those Properties in an effort to satisfy said property taxes.

60. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

61. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

62. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded. By way of further response, Movant through its Counsel did previously encourage and facilitate an offer from Mr. Kramer up until that point. Upon information and belief, Movant issued such notice only because the Parties could not come to an agreement at that time regarding the proposed carve-out, the negotiations of which remain ongoing.

63. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded. By way of further response, Movant through its Counsel did previously encourage and facilitate an offer from Mr. Kramer. Upon information and belief, Movant issued such notice only because the Parties could not come to an agreement at that time regarding the proposed carve-out, the negotiations of which remain ongoing.

64. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded. By way of further response, Dr. Thomas's licensing issues have absolutely nothing to do with the management of his businesses and

instead are directly related to the circumstances surrounding the MRSA claims that were previously resolved before this Court. In addition, the Debtors have maintained the Movant's collateral as a going concern and seek to liquidate the same in order to pay property taxes.

65. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

66. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

67. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

68. Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

69. Denied. The timing of these Cases had been exacerbated by, among other things, the COVID-19 shutdown(s). As a result thereof, the Parties were negotiating, beginning in or around August of 2020, a modification to the Final Cash Collateral Order that called for a deferral, subject to the execution of a COVID-19 Payment Deferral Agreement, of payments due for April through August 2020, the funds for which the Debtors then set aside in anticipation thereof. The Debtors made the decision to list the Tri-State Building for sale shortly thereafter. Additionally, payments in the amount of $177,727.49 were made on the Tri-State Loan on or about January 1, 2021. Payments were subsequently made on the Village Common Loan in the amount of $29,893.78 for March and April of 2021. By way of further response, the Final Cash Collateral Order called for payments of $17,960.79 on the Tri-State Loan, which have

#1430464

effectively been satisfied by the aforementioned payments of $177,727.49. Finally, the Debtors' Plans provide for the indubitable equivalent of Movant's claims by providing it with a vehicle to liquidate or take possession of its collateral within approximately thirty (30) days. With the elimination of the substantial overhead associated with these Properties, the Debtors have a legitimate chance to significantly alter their business model for reorganization and will be better equipped to make long-term payments to creditors under the proposed Plans. If any funds are realized from these sale efforts for the payment of administrative expenses, the Debtors' burdens will be alleviated even further.

      70.    Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

      71.    Denied. The Debtors have maintained and continue to maintain the Movant's collateral as a going concern and seek to liquidate or effectuate repossession of the same within approximately thirty (30) days.

      72.    Denied as stating a legal conclusion to which no response is required, and strict proof thereof is demanded.

#1430464

WHEREFORE, the Debtor prays that this Court enter an Order denying the Movant's Motion for Relief from the Automatic stay, together with any additional relief deemed necessary.

Dated:   April 1, 2021

Respectfully submitted,

THE QUINN LAW FIRM

BY:   /s/   *Michael P. Kruszewski*
      Michael P. Kruszewski
      mkruszewski@quinnfirm.com
      PA Id. No. 91239
      2222 West Grandview Boulevard
      Erie, Pennsylvania 16506-4508
      Telephone: 814-833-2222
      Facsimile: 814-833-6753
      Counsel for Debtor

#1430464

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: : | |
| JOSEPH MARTIN THOMAS, : | CASE NO. 20-10334 TPA |
|     Debtor. : | |
| : | CHAPTER 11 |
| WELLS FARGO NATIONAL : | |
| ASSOCIATION, : | RELATED TO DOCUMENT NO. 291 |
|     Movant, : | |
| : | DATE AND TIME OF HEARING: |
| vs. : | |
| : | February 28, 2021 at 11:00 a.m. |
| TRI-STATE PAIN INSTITUTE, LLC, : | |
| JOSEPH MARTIN THOMAS, and 2374 : | RESPONSE DEADLINE: |
| VILLAGE COMMON DRIVE, LLC, : | |
|     Respondents. : | April 2, 2021 |
| : | |

## **CERTIFICATE OF SERVICE**

    I, the undersigned, certify that I served, or caused to be served, on the 1ST day of April, 2021, a copy of the Response to Motion for Relief from the Automatic Stay upon each of the following persons and parties in interest at the address shown on the attached list.

    Respectfully submitted,

    THE QUINN LAW FIRM

BY:   /s/Michael P. Kruszewski
    Michael P. Kruszewski, Esquire
    PA Id. No. 91239
    2222 West Grandview Boulevard
    Erie, Pennsylvania 16506-4508
    Telephone: 814-833-2222
    Facsimile: 814-833-6753
    E-Mail Address:
    mkruszewski@quinnfirm.com
    Counsel for Debtor

#1430464

Joseph Martin Thomas
Case No. 20-10334
Service List

The following parties received notification via the CM/ECF System and will not receive a paper copy of the filing:

| |
|---|
| Office of the United States Trustee; ustpregion03.pi.ecf@usdoj.gov |
| Michael F.J. Romano, Esquire (TIAA Commercial Finance, Inc.); mromano@rgalegal.com |
| Norma Hildenbrand, Esquire (Office of the U.S. Trustee); Norma.L.Hildenbrand@usdoj.gov |
| Guy C. Fustine (Official Committee of Unsecured Creditors/Tri-State Pain Institute LLC); mwernick@kmgslaw.com |
| Salene R.M. Kraemer, Esquire (Wells Fargo Bank, N.A.) skraemer@bernsteinlaw.com |
| Lauren Michaels, Esquire (Pa. Dept. of Revenue) lmichaels@attorneygeneral.gov |
| Gary V. Skiba, Esquire (Tri-State Pain Institute LLC) gskiba@marshlaw.com |
| Mark G. Claypool, Esquire (Ally Bank) mclaypool@kmgslaw.com |
| Crystal H. Thornton-Illar (The Kada Gallery) cThornton-Illar@leechtishman.com |
| Brian Nicholas, Esquire (PNC Bank National Association) bnicholas@kmllawgroup.com |
| Ronald B. Roteman, Esquire (Kay B. and Steven E. Ribbing) roteman@stonecipherlaw.com |

#1430464