# UNITED STATES BANKRUPTCY COURT
# FOR WESTERN DISTRICT OF PENNSYLVANIA (Erie)

| | |
|---|---|
| In re: | Case No. 20-10049 |
| | Chapter 11 |
| TRI-STATE PAIN INSTITUTE, LLC, | |
| Debtor | |
| | |
| TIAA COMMERCIAL FINANCE, INC. | Related Document Nos.: 499 |
| Movant, | |
| | Hearing Date: April 22, 2021 at 10:00 am |
| v. | |
| | Response Deadline: April 16, 2021 |
| TRI-STATE PAIN INSTITUTE, LLC, JOSEPH MARTIN THOMAS, and 2374 VILLAGE COMMON DRIVE, LLC | |
| Respondents | |
| | |
| In re: | Case No. 20-10334 |
| | Chapter 11 |
| JOSEPH MARTIN THOMAS | |
| Debtor | |
| | |
| TIAA COMMERCIAL FINANCE, INC. | Related Document Nos.: 348 |
| Movant | |
| | Hearing Date:   April 22, 2021 at 10:00 am |
| v. | |
| | Response Deadline: April 16, 2021 |
| TRI-STATE PAIN INSTITUTE, LLC, JOSEPH MARTIN THOMAS, and 2374 VILLAGE COMMON DRIVE, LLC | |
| Respondents | |
| | |
| In re: | Case No. 21-10118 TPA |
| | Chapter 11 |
| 2374 VILLAGE COMMON DRIVE, LLC | |
| Debtor | |
| | |
| TIAA COMMERCIAL FINANCE, INC. | Related Document Nos.: 6 |
| Movant, | |
| | Hearing Date: April 22, 2021 at 10:00 am |
| v. | |
| | Response Deadline: April 16, 2021 |
| TRI-STATE PAIN INSTITUTE, LLC, JOSEPH MARTIN THOMAS, and 2374 VILLAGE COMMON DRIVE, LLC | |
| Respondents | |

**TIAA COMMERCIAL FINANCE, INC.'S OBJECTION TO ADEQUACY OF AMENDED DISCLOSURE STATEMENTS AND CONFIRMATION OF THE PLANS AND AMENDED PLANS OF THE DEBTORS**

AND NOW, comes TIAA Commercial Finance, Inc. ("TIAA"), by and through its undersigned counsel, Romano, Garubo & Argentieri, and does hereby file this Objection to Adequacy of Amended Disclosure Statements and Confirmation of the Plans and Amended Plans of Debtors Tri-State Pain Institute, LLC ("TSPI") and Dr. Joseph Martin Thomas ("Dr. Thomas") and Debtor, 2374 Village Common Drive, LLC ("2374 VCD") (collectively, "Debtors"), and in support thereof states as follows:

**FACTUAL BACKGROUND**

1. On January 23, 2020 (the "TSPI Petition Date"), Tri-State Pain Institute, LLC ("TSPI") filed a voluntary petition for relief under chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code") in this Court at case number 20-10049-TPA (the "TSPI Chapter 11").

2. On May 6, 2020, Joseph M. Thomas, M.D. ("Dr. Thomas") filed a voluntary petition for relief under chapter 11 of the Title 11 of the Bankruptcy Code in this Court at case number 20-10334-TPA (the "Dr. Thomas Chapter 11").

3. TSPI filed its Chapter 11 Plan of Reorganization Dated February 15, 2021 (the "TSPI Plan") [TSPI Chapter 11, Dk. 414] and its Disclosure Statement pursuant to U.S.C § 1125 (the "TSPI Disclosure Statement") [TSPI Chapter 11, Dk. 416] in the TSPI Chapter 11. The Court issued an Order Scheduling Hearing on Disclosure Statement [TSPI Chapter 11, Dk. 417] scheduling the hearing to consider the approval of the TSPI Disclosure Statement for March 25, 2021, with all objections due on or before March 18, 2021. TIAA objected to TSPI's Disclosure Statement and Plan on March 18, 2021 [TSPI Chapter 11, Dk. 472].

4. Dr. Thomas also filed his own Chapter 11 Plan of Reorganization on February 15, 2021 (the "Dr. Thomas Plan") [Dr. Thomas Chapter 11, Dk. 266] and its Disclosure Statement pursuant to 11 U.S.C. § 1125 (the "Dr. Thomas Disclosure Statement") [Dr. Thomas Chapter 11, Dk. 265]. The Court issued an Order Scheduling Hearing on the Dr. Thomas Disclosure Statement [Dr. Thomas Chapter 11, Dk. 269] scheduling the hearing to consider the approval of the Dr. Thomas Disclosure Statement for March 25, 2021. TIAA objected to Dr. Thomas' Disclosure Statement and Plan on March 18, 2021 [Dr. Thomas Chapter 11, Dk. 315].

5. On March 5, 2021, 2374 VCD filed a voluntary petition for relief under chapter 11 of the Title 11 of the Bankruptcy Code in this Court at case number 21-10118-TPA (the "2374 VCD Chapter 11").

6. The TSPI Chapter 11, the 2374 VCD Chapter 11, and the Dr. Thomas Chapter 11 are collectively referred to hereinafter as the "Chapter 11 Bankruptcies".

7. The Chapter 11 Bankruptcies are related. Dr. Thomas is the sole member of 2374 VCD and TSPI.   2374 VCD is the entity that owns the commercial real property in which TSPI and Dr. Thomas do business.   TSPI allegedly leases the property from 2374 VCD.

8. 2374 VCD filed its Chapter 11 Plan of Reorganization (the "2374 VCD Plan") [2374 VCD Chapter 11 Case, Dk. 6] and its Disclosure Statement pursuant to 11 U.S.C. § 1125 (the "2374 VCD Disclosure Statement") [2374 VCD Chapter 11, Dk. 5] on March 5, 2021. The Court has issued an order scheduling the hearing to consider the approval of the 2374 VCD Disclosure Statement for April 9, 2021.   TIAA objected to 2374 VCD Disclosure Statement and Plan on April 1, 2021 [VCD Chapter 11, Dk. 82].

9. The Court heard arguments on the TSPI Disclosure Statement and Dr. Thomas Disclosure Statement on March 25, 2021 and ordered that the TSPI and Dr. Thomas Plan, Disclosure Statement and Summary of Debtor's Chapter 11 Plan were dismissed without prejudice

and that said Debtors should file an Amended Chapter 11 Plan, Disclosure Statement and Plan Summary by April 1, 2021 [Dr. Thomas Chapter 11, Dk. 334 and TSPI Chapter 11, Dk. 489].

10. Accordingly, on April 1, 2021, both TSPI and Dr. Thomas filed Amended Chapter 11 Plans, Disclosure Statements and Plan Summaries [Dr. Thomas Chapter 11, Dks. 347-349 and TSPI Chapter 11, Dks. 499-501].

11. Further, on April 9, 2021, the Court heard arguments on 2374 VCD's Motion to Use Cash Collateral. However, Judge Agresti ruled in the 2374 VCD Chapter 11 and TSPI Chapter 11 that the bank accounts of 2374 VCD, TSPI and related entity Greater Erie Surgery Center, LLC be frozen and that before April 21, 2021 counsel for TSPI Official Committee of Unsecured Creditors shall file a chart detailing the relationship of the related entities as discussed during the hearing [2374 VCD Chapter 11, Dk. 89 and TSPI Chapter 11, Dk. 507].

12. This memorandum will serve as the objection of TIAA to the TSPI Amended Plan, Dr. Thomas Amended Plan and 2374 VCD Plan.

**The TIAA Claims**

13. TIAA claims that it is the owner of, or the first perfected security interest holder in, one (1) GE Optima MR450W 16 Channel System with IROC, one (1) Tenet Improvements for MR Magnet, one (1) GE Optima 660 64 slice CT System with ASIR, one (1) Tenet Improvements for CT, one (1) GE 1st quick pick accessories – Digital Energy Signature 5000 Series 150 KVA UPS for MR Systems and one (1) GE 150 KVA UPS Bypass Panel, two (2) OEC 9900 Elite Digital Mobile Super C-Arm GSP, two (2) Venue 40 Systems, one (1) Proteus upgrade with Flashpad, one (1) repeat/reject analysis option and one (1) 2010 Healthcare X-Ray Proteus XR/A IB Asset Number 814450, and all equipment and fixtures of TSPI are hereinafter collectively referred to as the "TIAA Medical Equipment".

14. TIAA was granted relief from the Stay as to the TIAA Medical Equipment in the TSPI Chapter 11 on February 10, 2021 [Dk. 412]. TIAA's position is set forth in detail in its motion for relief [TSPI Chapter 11, Dk. 296].

15. TSPI defaulted in its obligations to make payments under the Lease and Loan Documents and is past due since June, 2019. The pre-petition arrearages under the Lease and Loan Documents total the sum of no less than $387,228.14.

16. The total amount now due and owing to TIAA on the Lease and Loan Documents is no less than $1,705,733.78. See, Claim No.: 14 of TIAA filed in the TSPI Chapter 11 and Claim No.: 8 of TIAA filed in the Dr. Thomas Chapter 11.

17. TIAA reserves the right to amend the proofs of claim based upon the amount it recovers from the TIAA Medical Equipment.

18. TIAA demands that pursuant to the representations and agreement of the parties, the TIAA Medical Equipment must immediately be returned to TIAA.

**Court Order Barring Continued Use of Cash**

19. 2374 VCD filed a Motion to Use Cash Collateral on March 5, 2021 [2374 VCD Chapter 11, Dk. 9].

20. On April 9, 2021, Judge Agresti denied the motion and ruled in the 2374 VCD Chapter 11 and TSPI Chapter 11 that the bank accounts of 2374 VCD, TSPI and related entity Greater Erie Surgery Center, LLC be frozen and that before April 21, 2021, counsel for the TSPI Official Committee of Unsecured Creditors shall file a chart detailing the relationship of the related entities as discussed during the April 9th hearing [2374 VCD Chapter 11, Dk. 89 and TSPI Chapter 11, Dk. 507].

21. TIAA contends that the Court ordered chart should be circulated and evaluated before this Honorable Court can confirm the 2374 VCD Plan, TSPI Amended Plan and Dr. Thomas' Amended Plan.

**Facts establishing that each Debtor's Plan is not confirmable and that the Amended Disclosure Statements are inadequate**

22. As a preliminary matter, 11 U.S.C. § 1129(a)(1) provides that "the court shall confirm a plan only if . . . [t]he plan complies with the applicable provisions of this title." 11 U.S.C. § 1129(a)(1).

23. The TSPI Amended Plan, 2374 VCD Plan, and Dr. Thomas' Amended Plan must "provide the same treatment for each claim . . . of a particular class, unless the holder of a particular claim . . . agrees to a less favorable treatment of such particular claim." 11 U.S.C. § 1123(a)(4).

24. The Debtors' proposed treatment of TIAA under the TSPI Amended Plan, 2374 VCD Plan, and/or Dr. Thomas' Amended Plan is unacceptable in that it does not provide for the return to TIAA of the TIAA Medical Equipment despite the fact that no defense is raised or could be raised as to its right to retain such assets.

25. TIAA objects to the TSPI Amended Plan, 2374 VCD Plan, and/or Dr. Thomas' Amended Plan to the extent that they seek to include any of the TIAA Medical Equipment as part of the sale of assets. The TSPI Amended Disclosure Statement and Dr. Thomas' Amended Plan are inadequate since they fail to delineate that, as agreed on the record in these cases several times, all of the Debtors release their interest in the TIAA Medical Equipment and have consented to allow TIAA to repossess same.

26. At a minimum, TIAA is entitled to payment of the value of the TIAA Medical Equipment, which was stipulated to be $900,000.00.  [See, TSPI Chapter 11, Dk. 193, Judge Agresti's Order dated April 21, 2020 regarding the Stipulation between TSPI and TIAA.]

27. The value of the assets of the Debtors as well as those of 2374 VCD and Greater

Erie Surgery Center have not been and must be evaluated before this Court can determine whether creditors are to receive not less than they would in a Chapter 7 proceeding. The TSPI Amended Disclosure Statement and Dr. Thomas' Amended Plan are inadequate since they fail to provide such facts.

28. The TSPI Amended Plan, 2374 VCD Plan, and/or Dr. Thomas' Amended Plan are not confirmable since there remain issues to be determined by this Court including but not limited to whether all assets and liabilities of the debtors and related entities such as Greater Erie Surgery Center have been properly made part of the estate and, are therefore part of the Court's analysis. The TSPI Amended Disclosure Statement and Dr. Thomas' Amended Plan are inadequate since they fail to provide such facts.

29. TIAA does not have, nor has it ever been offered, adequate protection in return for allowing the debtor to maintain possession and use of the TIAA Medical Equipment and TIAA has obtained relief from stay as to same yet the debtors refuse to allow TIAA to repossess same while the Debtors continue to use same.

30. Under the TSPI Amended Plan, 2374 VCD Plan, and/or Dr. Thomas' Amended Plan, the Debtors make no provision for the maintenance of the TIAA Medical Equipment.

31. The TSPI Amended Plan, 2374 VCD Plan, and/or Dr. Thomas' Amended Plan are not in compliance with 11 U.S.C. §1129(b)(2) in that, *inter alia*:

>    (a) the plans do not provide that TIAA will retain its interest in the TIAA Medical Equipment to the full extent of its interest;
>
>    (b) the plans do not provide that TIAA will receive on account of its secured claims cash payments totaling at least the allowed amount of such claims or the immediate return of the TIAA Medical Equipment; and
>
>    (c) the plans do not provide that with regard to the proposed sale of assets under the plans, that the interest and/or liens of parties will attach to the proceeds of such sales.

32. In addition, the TSPI Amended Plan, 2374 VCD Plan, and Dr. Thomas' Amended Plan, which are in essence liquidating plans, do not provide for the maintenance and payment of

insurance on the TIAA Medical Equipment during the liquidation process and/or the terms of the Amended Plans.

33. The TSPI Amended Plan, 2374 VCD Plan, and/or Dr. Thomas' Amended Plan focus on the sale of real property which is encumbered and which will not be released by the first mortgage holder thus making the Plan and Amended Plans not confirmable.

34. TIAA objects to the TSPI Amended Plan, 2374 VCD Plan, and/or Dr. Thomas' Amended Plan on the ground that it is an administrative creditor of the estate and demands that its claim for unpaid rent from the date of the petition and continuing hereafter be included for payment in the TSPI Amended Plan, 2374 VCD Plan, and/or Dr. Thomas' Amended Plan. In the event any plan is finally confirmed, TIAA reserves its right to file its full administrative claim within forty five (45) days of confirmation.

35. TIAA objects to the TSPI Amended Plan, 2374 VCD Plan, and Dr. Thomas' Amended Plan to the extent that they improperly seek to allow modification of the plans without notice

36. TIAA objects to the provisions for payment of Administrative fees in the TSPI Amended Plan, 2374 VCD Plan, and Dr. Thomas Amended Plan. Section 503(b)(1)(A) of the Bankruptcy Code defines administrative expenses and provides a nonexclusive list of allowable expenses. Administrative expenses include "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A).

37. The TSPI Amended Plan, 2374 VCD Plan, and Dr. Thomas' Amended Plan are speculative and not confirmable.

## CONCLUSION

For the reasons set forth above, the Plan of 2374 VCD and Amended Plans of TSPI and Dr. Thomas are facially non-confirmable.   TIAA objects to the confirmation of the TSPI Amended Plan, 2374 VCD Plan, and Dr. Thomas' Amended Plan.

Dated:   April 16, 2021          */s/ Michael F.J. Romano, Esquire*
Michael F.J. Romano, Esquire . PA Bar ID. 52268
Romano, Garubo & Argentieri,
Counselors at Law, LLC
P.O. Box 456, 52 Newton Avenue
Woodbury, New Jersey 08096
PH:   (856) 384-1515
mromano@rgalegal.com
Attorney for Movant,
TIAA Commercial Finance Inc.