IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case No. 20-10334-TPA |
| | ) | |
| JOSEPH MARTIN THOMAS, | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case No. 21-10118-TPA |
| | ) | |
| 2374 VILLAGE COMMON DRIVE, | ) | |
| LLC, | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| JOSEPH MARTIN THOMAS, and 2374 | ) | |
| VILLAGE COMMON DRIVE, LLC, | ) | Docket No. |
| Movants, | ) | |
| | ) | Related to Docket No. 294 |
| vs. | ) | |
| WELLS FARGO BANK, NATIONAL | ) | |
| ASSOCIATION: UNITED STATES OF | ) | |
| AMERICA, SMALL BUSINESS | ) | |
| ADMINISTRATION: ERIE COUNTY | ) | |
| TAX CLAIM BUREAU: MILLCREEK | ) | |
| TOWNSHIP TAX COLLECTOR: | ) | |
| UNITED STATES OF AMERICA, | ) | |
| INTERNAL REVENUE SERVICE: | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, DEPARTMENT OF | ) | |
| REVENUE: TIAA COMMERCIAL | ) | |
| FINANCE, INC.: NORTHWEST | ) | |
| SAVINGS BANK NOW KNOWN AS | ) | |
| NORTHWEST BANK: CORE ERIE | ) | |
| MOB, L.P.: and JOSEPH C. KRAMER, | ) | |
| Respondents. | ) | |

**RESPONSE BY THE COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA
DEPARTMENT OF REVENUE TO THE JOINT MOTION FOR
<u>ORDER APPROVING SALE OF REAL ESTATE FREE AND DIVESTED OF LIENS</u>**

AND NOW, comes the Commonwealth of Pennsylvania, Office of Attorney General, by its undersigned counsel, on behalf of the Pennsylvania Department of Revenue, and makes the

following statement in support of its *Response to the Joint Motion for Order Approving Sale of Real Estate Free and Divested of Liens*.

1. The Pennsylvania Department of Revenue (hereinafter Revenue) is a party in interest, having asserted a claim for pre-petition taxes.

2. The Debtors' *Joint Motion for Order Approving Sale of Real Estate Free and Divested of Liens* and accompanying proposed Order propose to exempt the sale of real property from taxation under "any laws imposing a stamp tax, state or local transfer tax, or similar tax" pursuant to 11 U.S.C. § 1146(a).

3. Under Pennsylvania's Tax Reform Code of 1971 [72 PA. STAT. §§ 7101 et seq.], a "person" who "makes, executes, delivers, accepts or presents" a "document" "for recording" must ordinarily pay a state realty transfer tax. 72 PA. STAT. § 8102-C. The term "document" is defined broadly enough to include "[a]ny deed, instrument or writing which conveys, transfers, devises, vests, confirms or evidences any transfer or devise of title to real estate in this Commonwealth[.]" 72 PA. STAT. § 8101-C.

4. Pursuant to § 1146(a), "the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under a plan <u>confirmed</u> under section 1129 or 1191 of this title, may not be taxed under any law imposing a stamp tax or similar tax." (emphasis added).

5. In *Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 52-53 (2008), the Supreme Court held that "[§] 1146(a) affords a stamp-tax exemption only to transfers made pursuant to a Chapter 11 plan that has been <u>confirmed</u>." (emphasis added). The Supreme Court explained that § 1146(a)'s exemption from state taxation should be narrowly construed, and that any ambiguities in the statutory language should be "resolved in [the state's] favor." *Piccadilly Cafeterias, Inc.*, 554 U.S. at 41, 50.

6. The holding in *Piccadilly Cafeterias, Inc.*, precludes the application of § 1146(a) to transfers of assets occurring <u>before the confirmation</u> of a Chapter 11 plan. *Id*. at 53.

7. Revenue has no objection to the sale itself; however, the sale is subject to state realty transfer tax pursuant to 72 PA. STAT. § 8102-C. The Pennsylvania transfer

      tax cannot be exempted under § 1146(a) because the Debtor's plan has not yet been confirmed.

8. This Response is filed under an abundance of caution: a Chapter 11 Plan Confirmation hearing is currently scheduled for April 22, 2021 at 10:00am for Bankruptcy Case No. 20-10334-TPA (Joseph Martin Thomas). In the event the Amended Chapter 11 Plan dated April 1, 2021 (Doc. 328) is confirmed on that date, this Response will be rendered moot.

**WHEREFORE**, the Commonwealth of Pennsylvania, Department of Revenue, respectfully requests that, if the Amended Chapter 11 Plan of Reorganization dated April 1, 2021 has not been confirmed by the hearing date on the proposed Sale Order, the language exempting the sale from transfer tax pursuant to 11 U.S.C. § 1146(a) be stricken from the Sale Order.

Respectfully submitted,

JOSH SHAPIRO
ATTORNEY GENERAL

Date: April 20, 2021    By:    /s/ Lauren A. Michaels
Lauren A. Michaels
Deputy Attorney General
Pennsylvania Office of Attorney General
Counsel to Pennsylvania
Department of Revenue
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Phone #: 412-235-9072
PA I.D. # 320686
Email: LMichaels@attorneygeneral.gov