FILED
4/23/21 11:43 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 20-10049-TPA |
| TRI-STATE PAIN INSTITUTE, LLC, | : | |
| *Debtor* | : | Chapter 11 |
| | : | Related to Doc. No. 527 |
| | : | Hrg.: April 28, 2021 at 10:00 A.M. |

| | | |
|---|---|---|
| IN RE: | : | Case No. 20-10334-TPA |
| JOSEPH MARTIN THOMAS, | : | |
| *Debtor* | : | Chapter 11 |
| | : | Related to Doc. No. 102, 365 |
| | : | Hrg.: April 28, 2021 at 10:00 A.M. |

| | | |
|---|---|---|
| IN RE: | : | Case No. 21-10118-TPA |
| 2374 VILLAGE COMMON DRIVE, LLC, | : | |
| *Debtor* | : | Chapter 11 |
| | : | |
| | : | |

*Order*

AND NOW, this **23rd** day of ***April, 2021***, Following a hearing held yesterday in the above related cases, and for the reasons stated on the record at the time of such hearing, it is **ORDERED, ADJUDGED** and **DECREED** that,

(1)  ***On or before April 26, 2021*** TIAA Commercial Finance, LLC shall file a proposed timeline for its recovery and removal of any equipment of the Debtors in which it has a security interest.

(2)  ***On or before April 26, 2021*** Dr. Thomas shall file as a Supplement to his Disclosure Statement a document that (1) explains the "net operating loss carryback" plan he

envisions as a means of reducing his tax liability to the Internal Revenue Service, to include a narrative statement and charts and figures as necessary to explain the plan to interested Parties, and (2) provides a more complete explanation and projection to show how his plan meets the requirements of *11 U.S.C. §1129(a)(15)(B)*.

(3)    The ***Objection of PNC Bank, National Association, its Successors and/or Assigns to Confirmation of Chapter 11 Plan*** filed at Doc. No. 365 in the Dr. Thomas case is **DENIED as moot** in light of the recognition by the Court, and agreed by the Debtor, that PNC's secured claim will be paid in full from the proceeds of the sale of the residence.

(4)    Any objection to the plans or sales motions in these cases filed by Wells Fargo, National Association ("Wells Fargo") on the basis that they fail to recognize its right to credit bid based on its security interest in the property to be sold is **DENIED  as moot to that extent** in light of the recognition by the Court that Wells Fargo's right to credit bid will be recognized and protected regardless whether the plan or sale motion explicitly so provides.

(5)    It was reported by Counsel for Dr. Thomas at the hearing that he is holding $15,500 in an escrow account from a previous sale of property, and that such amount is not reflected in the ***Certification of Cash on Hand as of April 20, 2021*** ("Certification") filed at Doc. No. 102 in the Dr. Thomas case, so the "bottom line" figure in the *Certification* is thereby adjusted to $68,599.13.

(6)    The Court will not agree to any proposed transfer of personal property from Greater Erie Surgery Center to Tri-State Pain Institute, LLC, as set forth in the ***Stipulation Regarding Fees and Available Cash***, Doc. No. 527 in the Tri-State case, over the objection of Wells

Fargo, in the absence of satisfactory proof that such transfer would be for a fair consideration corresponding to the value of the property to be transferred, and would not have an adverse effect on the secured position of Wells Fargo.

(7)    Except as otherwise set forth herein, all other matters that were on the calendar for the hearing held today are **CONTINUED** to the Status Conference previously scheduled for *April 28, 2021 at 10:00 A.M.*

*[signature]*

Thomas P. Agresti, Judge           jlm
United States Bankruptcy Court

Case administrator to serve;
    Gary Skiba, Esq.
    Michael Kruszewski, Esq.
    Ashley Mulryan, Esq.
    Jill Locnikar, Esq.
    Lauren Michaels, Esq.
    Salene Kraemer, Esq.
    Michael Romano, Esq.
    Maria Miksich, Esq.
    Gary Eiben, Esq.