UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| | : BANKRUPTCY NO. 20-10334 TPA |
| JOSEPH MARTIN THOMAS, | : |
| Debtor. | : THE HONORABLE THOMAS P. AGRESTI |
| | : |
| JOSEPH MARTIN THOMAS, | : CHAPTER 11 |
| | : |
| Movant, | : RELATED TO DOCUMENT NOS. 354, 349, 348, 347, |
| | : and 387 |
| v. | : |
| | : DATE AND TIME OF HEARING: |
| NO RESPONDENT. | : April 28, 2021 @ 10:00 a.m. |
| | : |
| | : |

**SUPPLEMENT TO DISCLOSURE STATEMENT IN ACCORDANCE WITH
ORDER DATED APRIL 23, 2021**

Attached hereto are the following Supplements to the Debtor's Disclosure Statement to Accompany Plan dated April 1, 2021:

Part 1: Narrative Statement Regarding Tax Liability and "net operating loss carryback"

    Exhibit "A": Chart Regarding Overall Net Loss to Carryback

Part 2: Narrative Statement Regarding Projective Disposable Income Calculation and Requirement of *11 U.S.C. §1129(a)(15)(B)*

    Exhibit "B": Official Form 122C-1 and 122C-2, Projective Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Calculation of Your Disposable Income

    Exhibit "C": Plan Scenarios

    Exhibit "D": Calculation of Projected Disposable Income vs. Amounts to be Distributed under Plan

    Respectfully submitted,

    THE QUINN LAW FIRM

BY:    /s/Michael P. Kruszewski
    Michael P. Kruszewski, Esquire
    PA Id. No. 91239
    2222 West Grandview Boulevard
    Erie, Pennsylvania 16506-4508
    Telephone: 814-833-2222
    Facsimile: 814-833-6753
    E-Mail Address: mkruszewski@quinnfirm.com
    Counsel for Debtor

#1436977

# NARRATIVE STATEMENT ON NET OPERATING LOSS CARRYBACK

Dr. Thomas filed his Chapter 11 case May 6, 2020.  He owns 100% of Tri State Pain Institute, LLC ("Tri-State"), which filed a Chapter 11 case in January 2020 at Case No. 20-10049-TPA.  He also owns 100% of 2374, which rented its facility to Greater Erie Surgery Center, LLC, and out of which Tri State has been operating.  2374 filed a Chapter 11 petition in March 2021 at Case No. 21-10118-TPA.  2374 does not file its own tax returns, but instead it is reported as a passthrough entity on Dr. Thomas's tax returns.

The Bankruptcy Estate intends to report the activity of Tri State and 2374 for the initial tax year of May 6, 2020 through November 30, 2020.

The forthcoming sale of the real estate at 2374 Village Common Drive, which is currently scheduled for sale hearing on April 28, 2020, is likely to produce a deductible tax loss prior to the tax year ending November 30, 2021.  If none of the debt is considered discharged in the month the property is sold, the Bankruptcy Estate will likely have a net operating loss available for carryback to the income tax returns of the Bankruptcy Estate and potentially Dr. Thomas, by changing its tax year to the end of the month of sale.  This is based on the five (5) year carryback rule per IRS publication 908 for tax years beginning in 2020, i.e., the year beginning 12/1/20.

In that regard, the sale of the real estate at 2374 Village Common Drive and 2368 Village Common Drive (the "Real Estate") is being proposed in connection with both Dr. Thomas's and 2374's Chapter 11 Plans.  Pursuant to 11 U.S.C. § 1141(d)(5), because Dr. Thomas is an individual, confirmation of his individual Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan.  See also Section XII of the Amended Plan dated April 1, 2021 (Dr. Thomas Case Doc. No. 348).  Because Dr. Thomas's Plan provides for payments after the expected month the Real Estate is sold, no debt will be considered discharged in that month.

Similarly, pursuant to 11 U.S.C. § 1141(d)(3), because the Plan filed for 2374 provides for the liquidation of all of the property of the estate, because 2374 will not engage in business after consummation of the Plan, and because 2374 would be denied a discharge under 727(a)(1) of the Bankruptcy Code if its case were filed under Chapter 7 (because the debtor is not an individual), the confirmation of 2374's Plan will not discharge its debts.  See also Section XII of the Plan of Orderly Liquidation dated March 5, 2021 (2374 Case Doc. No. 6).  As a result, none of 2374's debt will be considered discharged in the expected month the Real Estate is sold.

Finally, 11 U.S.C. § 1141(d)(1)(A) (2021) (emphasis added) states in part that, *except as otherwise provided in the plan, or in the order confirming the plan*, the confirmation of a plan discharges the debtor from any debt that arose before the date of such confirmation.  See also Part 9 of the Debtor's Amended Chapter 11 Plan of Reorganization dated April 1, 2021 (Tri-State Case Doc. No. 499).  The Notes under Section 1141 state that this paragraph permits the plan or the order confirming the plan to provide otherwise.  As a result, confirmation of Tri-State's Plan, to the extent that it may effectuate a discharge, should be continued until the month following the sale and closing of the Real Estate.  Keep in mind that confirmation of Tri-State's Plan is not necessary to potentially except transfer taxes from the sale of the Real Estate pursuant to a plan, because Tri-State is not selling any assets in connection with that sale.

#1436815

Alternatively, any confirmation order entered in connection with Tri-State's Plan should defer discharge until Tri-State takes certain steps to consummate its Plan.

In sum, to the extent that the Debtors' Plans are confirmed in connection with the pending sale of the Real Estate, no discharge can occur in the expected month the Real Estate is sold. Assuming that to be the case, the Bankruptcy Estate will likely have a net operating loss available for carryback to the income tax returns of the Bankruptcy Estate and potentially Dr. Thomas, by changing its tax year to the end of the month of sale.

Dr. Thomas's Court-approved Accountant, Matthew J. Minnaugh, CPA/ABV, CVA, has prepared pro forma tax returns to calculate the potential benefits of this tax plan. Additionally, attached hereto as Exhibit "A" is a forecast of Bankruptcy Estate income and expenses for the desired tax year 12/1/20 to 5/31/21, assuming the sale of the Real Estate closes in May 2021. This includes calculations regarding the potential overall net less to carryback depending on the ultimate purchase price. Assuming the Real Estate sells for no more than the current Stalking Horse Bid, the net loss could be as high as approximately $3m. Even assuming the Real Estate sells for the most recently appraised value of $5m, the net loss would still be as high as $1m.

The net loss would first be used to eliminate any tax liability for the Bankruptcy Estate for the tax year ended 11/30/20 (estimated $70,000). The net loss could then be used to eliminate Dr. Thomas's personal tax liability from 2016 (five years back), which would include secured IRS tax debt (approximately $117,000) currently owed in connection with the sale of South Shore Drive. The net loss, if not fully exhausted, could then be used to eliminate IRS tax liability from 2017, 2018, and so on. This would include additional secured IRS tax debt currently owed on South Shore Drive (approximately $156,000), in addition to unsecured priority IRS tax debt (approximately $113,000).

In summary, the results of these proposed tax consequences could have a significant effect on the current and anticipated tax liabilities under Dr. Thomas's Plan. It is important to ensure that no discharge of debt occurs prior to or during the same month as the closing on the sale of the Real Estate in order to effectuate the same.

#1436815

**Exhibit "A"**

**FORECASTED**
**BANKRUPTCY ESTATE INCOME AND EXPENSE**
**12/01/20 TO 05/31/21**

NOTE: NO DEBT DISCHARGE IN TRI STATE PRIOR TO 6/1/21 ASSUMING BUILDING SALE IN MAY 2021

| | | | | |
|---|---|---|---|---|
| GESC PARTNERSHIP INCOME | | 86,000 | | |
| GAIN ON WATTSBURG ROAD | | | | |
|     SELL PRICE | 299,900 | | | |
|     EXPENSE | (28,419) | | | |
|     COST | (169,812) | | | |
|     GAIN | | 101,669 | | |
| TRI STATE INCOME DECEMBER 2020 | | 33,715 | | |
| TRI STATE INCOME 1/1 TO 3/31/21 | | 243,000 | | |
| GESC INCOME 1/1 TO 3/31/21 | | 119,495 | | |
| 2374 INCOME 1/1 TO 3/31/21 | | (117,000) | | |
| TOTAL INCOME BEFORE SALE OF 2374 | | 466,879 | 466,879 | 466,879 |
| SALE OF BUILDING | | 3,100,000 | 4,000,000 | 5,000,000 |
| Tax basis of building | | 6,500,000 | 6,500,000 | 6,500,000 |
| loss on building sale | | (3,400,000) | (2,500,000) | (1,500,000) |
| overall net loss to carryback | | (2,933,121) | (2,033,121) | (1,033,121) |

## NARRATIVE STATEMENT ON
## PROJECTED DISPOSABLE INCOME UNDER 11 U.S.C. § 1129(a)(15)

      The definition of projected disposable income under Section 1129(a)(15) is derived from Section 1325(b)(2).  See 11 U.S.C. §1129(a)(15)(B).  As such, attached hereto as Exhibit "B" is a pro forma projected disposable income test under Chapter 13 based on Dr. Thomas's projected income and expenses as set forth on Page 37 of his Disclosure Statement (Doc. No. 347).  The results are that **Dr. Thomas will have approximately $4,841.97/mo. in disposable income, or $290,518.20 over five (5) years**.  But this is assuming that Dr. Thomas does not have expenses that are greater than those allowed under the Chapter 13 disposable income test.  Section 1129(a)(15) does not rely strictly on the IRS/national standards like 1325(b)(2) does.  Additional expenses may be considered reasonable beyond the 1325(b)(2) test.  See, e.g., In re Stigliano, 483 B.R. 303, 305 (Bankr. W.D. Pa. 2012), citing In re Roedemeier, 374 B.R. 264, 272-73 (Bankr. D. Kan. 2007) ("In calculating an individual Chapter 11 debtor's projected disposable income, §1129(a)(15)(B) must be read to allow a judicial determination of the expenses that are reasonably necessary for the support of the debtor and his or her dependents.").  In this case, additional expenses for rent/mortgage, food/clothing, medical coverage, and additional insurance costs may be warranted given Dr. Thomas's occupation, age, health, and living arrangements.  Additionally, the projected disposable income test provides no deduction whatsoever for entertainment, subscriptions, or modest personal expenses, for which at least some reasonable amount should be allocated to the average person, especially if such expenses have the effect of alleviating the stress of a demanding occupation.  The projected disposable income test, as prepared, also does not provide for the payment of interest on priority tax claims, which is a certainty for the priority tax claims currently owed.  Conversely, Dr. Thomas does not claim the full amount on Exhibit "A" for qualified retirement deductions allowed for someone of his of age.  All of these additional expenses, if allowed or claimed, would have the effect of reducing Dr. Thomas's projected disposable income to something less than $4,841.97/mo.

      However, Section 1123(a)(8) does not mandate that individual debtors can only fund their plans from the earnings of post-petition services. Rather, it directs that such earnings be so applied "as is necessary for the execution of the plan." Thus, if a plan can be fully funded from the sale of the debtor's assets it can be confirmed without the inclusion of any post-confirmation earnings. In re Brown, 498 B.R. 486, 507 (Bankr. E.D. Pa. 2013), citing In re Lippmann, 2013 Bankr. LEXIS 24, at *1 (Bankr. D. Utah Jan. 2, 2013).  More importantly, Section 1129(a)(15)(B) contains no such requirement of debtor to pay *all* of his or her projected disposable income to *unsecured creditors* and provides only that "the value of the property to be distributed under the plan"—which would include property distributed to administrative, priority, secured, and unsecured creditors—"is not less than the projected disposable income of the debtor. . . ."  In re Pfeifer, 2013 Bankr. LEXIS 4358, at *7 (Bankr. S.D.N.Y 2013); see also In re Johnson, 2016 Bankr. LEXIS 4598, at *49 (Bankr. S.D. Oh. 2016).  Thus, the requirement to pay out the value of a debtor's projected disposable income through a plan applies to the payment of *all* claims, i.e., administrative, priority, secured, and unsecured.

If we assume that Dr. Thomas must distribute $290,518.20 under his Plan, he already proposes to pay $3,000/mo. for residual professional fees/administrative claims ($180,000 over 5 years). But Dr. Thomas's Plan goes beyond that. He proposes to distribute another approximately $300,000 from the sale of personal property. This amount exceeds his net, non-exempt equity in his assets as of the Petition Date, which is less than $100,000. He will also pay approximately $262,000 in secured tax debt from the sale of his residence (in addition to the payoff of the mortgage). An individual debtor satisfies § 1129(a)(15) when "the value of the property to be distributed under the plan is not less than the projected disposable income of the Debtor during the period for which the plan provides payments", even if most of the debtor's plan payments go toward reducing his substantial tax obligations. See In re Ekstrom, 2010 Bankr. LEXIS 982, at *7 (Bankr. D. Ariz. Mar. 23, 2010). Dr. Thomas also proposes to pay approximately $5,400/mo. toward outstanding priority/admin tax obligations ($324,000[1] over 5 years), but that is already captured as a monthly expense in Exhibit "A" and thus should be excluded from the calculation of further amounts to be distributed.

In order to calculate the amounts referenced above, attached hereto as Exhibit "C" is an illustration of the various scenarios under which Dr. Thomas is proposing distributions under his Plan. **The amounts to be distributed to *all* claims under Dr. Thomas's Plan total at least $1,510,000**, which is captured in Scenario 1. This figure greatly exceeds Dr. Thomas's projected disposable income of approximately $290,518.20 and thus meets the standard under Section 1129(a)(15). Even if it is assumed that secured claims may not be strictly distributed pursuant to a Plan, for whatever reason, Scenario 2 illustrates that **Dr. Thomas is still proposing to distribute at least $501,000 pursuant to his Plan**. Then, Scenario 3 illustrates how those amounts to be distributed could be reallocated to classes of creditors if Dr. Thomas achieves favorable tax consequences as more fully set forth in Part 1 of this Supplement to his Disclosure Statement.

As a result, even if Dr. Thomas earns more than he expects at his relocated practice, it likely will not exceed $501,000, which is approximately 67% higher than his projected gross compensation. And, in fact, any increased profits from the relocated practice may enhance Tri-State's ability to pay creditors under its Plan rather than produce additional disposable income for Dr. Thomas.

---

[1] This figure also includes potential post-petition tax liabilities coming due after the filing of future tax returns.

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Joseph Martin Thomas** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Western District of Pennsylvania |
| Case number (if known) | **20-10334** |

**Exhibit "B"**

Check as directed in lines 17 and 21:

According to the calculations required by this Statement:

☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

■ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☐ 3. The commitment period is 3 years.

■ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

# Official Form 122C-1
## Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

04/20

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1: Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

   ■ **Not married**. Fill out Column A, lines 2-11.

   ☐ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ **25,000.00** | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ **0.00** | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ **0.00** | $ |

5. **Net income from operating a business, profession, or farm**

   Debtor 1

   Gross receipts (before all deductions)        $   0.00
   Ordinary and necessary operating expenses   -$   0.00
   Net monthly income from a business, profession, or farm $ 0.00   Copy here -> $ 0.00   $ _____

6. **Net income from rental and other real property**

   Debtor 1

   Gross receipts (before all deductions)        $   0.00
   Ordinary and necessary operating expenses   -$   0.00
   Net monthly income from rental or other real property $ 0.00   Copy here -> $ 0.00   $ _____

| Debtor 1 | Joseph Martin Thomas | Case number (*if known*) | 20-10334 |

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

7. **Interest, dividends, and royalties** — $ 0.00 — $ _____

8. **Unemployment compensation** — $ 0.00 — $ _____

   Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

   For you         $ 0.00
   For your spouse $ _____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. — $ 0.00 — $ _____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments made under the Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID-19); payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

    _____   $ 0.00   $ _____
    _____   $ 0.00   $ _____
    Total amounts from separate pages, if any.   + $ 0.00   $ _____

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.   $ 25,000.00   + $ _____   = $ 25,000.00

    **Total average monthly income**

### Part 2: Determine How to Measure Your Deductions from Income

12. **Copy your total average monthly income from line 11.**   $ 25,000.00

13. **Calculate the marital adjustment.** Check one:

    ☒ You are not married. Fill in 0 below.

    ☐ You are married and your spouse is filing with you. Fill in 0 below.

    ☐ You are married and your spouse is not filing with you.

    Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

    Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

    If this adjustment does not apply, enter 0 below.

    _____   $ _____
    _____   $ _____
    _____   + $ _____

    Total   $ 0.00   Copy here=>   − 0.00

14. **Your current monthly income.** Subtract line 13 from line 12.   $ 25,000.00

15. **Calculate your current monthly income for the year.** Follow these steps:

    15a. Copy line 14 here =>   _____   $ 25,000.00

| Debtor 1 | **Joseph Martin Thomas** | Case number (*if known*) | **20-10334** |

|     | Multiply line 15a by 12 (the number of months in a year). | **x  12** |
| --- | --- | --- |
| 15b. | The result is your current monthly income for the year for this part of the form. ......................................... | $ **300,000.00** |

| Debtor 1 | Joseph Martin Thomas | Case number (*if known*) | 20-10334 |
|---|---|---|---|

16. **Calculate the median family income that applies to you.** Follow these steps:

    16a. Fill in the state in which you live.    **PA**

    16b. Fill in the number of people in your household.    **2**

    16c. Fill in the median family income for your state and size of household.    $ **67,540.00**

    To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

    17a. ☐ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

    17b. ■ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

**Part 3: Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)**

18. **Copy your total average monthly income from line 11.**    $ **25,000.00**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

    19a. If the marital adjustment does not apply, fill in 0 on line 19a.    -$ **0.00**

    19b. **Subtract line 19a from line 18.**    $ **25,000.00**

20. **Calculate your current monthly income for the year.** Follow these steps:

    20a. Copy line 19b    $ **25,000.00**

    Multiply by 12 (the number of months in a year).    **x 12**

    20b. The result is your current monthly income for the year for this part of the form    $ **300,000.00**

    20c. Copy the median family income for your state and size of household from line 16c    $ **67,540.00**

21. **How do the lines compare?**

    ☐ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years*. Go to Part 4.

    ■ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years*. Go to Part 4.

**Part 4: Sign Below**

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X _____

*Joseph Martin Thomas*
Signature of Debtor 1

Date  *April 26, 2021*
      MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | *Joseph Martin Thomas* |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Western District of Pennsylvania |
| Case number (if known) | 20-10334 |

☐ Check if this is an amended filing

Official Form 122C-2
# Chapter 13 Calculation of Your Disposable Income
04/19

To fill out this form, you will need your completed copy of *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 122C-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form, Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).

## Part 1:  Calculate Your Deductions from Your Income

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122C–1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5. **The number of people used in determining your deductions from income**

   Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.   *1*

**National Standards**   You must use the IRS National Standards to answer the questions in lines 6-7.

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.   $ *715.00*

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health car costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

| Debtor 1 | **Joseph Martin Thomas** | Case number (*if known*) | **20-10334** |
|---|---|---|---|

**People who are under 65 years of age**

| 7a. | Out-of-pocket health care allowance per person | $ | **56** | | | |
|---|---|---|---|---|---|---|
| 7b. | Number of people who are under 65 | X | **0** | | | |
| 7c. | **Subtotal.** Multiply line 7a by line 7b. | $ | **0.00** | Copy here=> | $ | **0.00** |

**People who are 65 years of age or older**

| 7d. | Out-of-pocket health care allowance per person | $ | **125** | | | |
|---|---|---|---|---|---|---|
| 7e. | Number of people who are 65 or older | X | **1** | | | |
| 7f. | Subtotal. Multiply line 7d by line 7e. | $ | **125.00** | Copy here=> | $ | **125.00** |
| 7g. | **Total.** Add line 7c and line 7f | $ | **125.00** | Copy total here=> | $ | **125.00** |

**Local Standards**   You must use the IRS Local Standards to answer the questions in lines 8-15.

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

■ **Housing and utilities - Insurance and operating expenses**

■ **Housing and utilities - Mortgage or rent expenses**

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.**

8. **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.   $ **499.00**

9. **Housing and utilities - Mortgage or rent expenses:**

   9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.   $ **774.00**

   9b. Total average monthly payment for all mortgages and other debts secured by your home.

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| *-NONE-* | $ |

|  | 9b. Total average monthly payment | $ | 0.00 | Copy here=> | -$ | 0.00 | Repeat this amount on line 33a. |
|---|---|---|---|---|---|---|---|

   9c. Net mortgage or rent expense.

   Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.   $ **774.00**   Copy here=> $ **774.00**

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**   $ **0.00**

    Explain why: _____

| Debtor 1 | Joseph Martin Thomas | Case number (*if known*) | 20-10334 |
|---|---|---|---|

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

   ☐ 0. Go to line 14.

   ☐ 1. Go to line 12.

   ■ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area. $ **484.00**

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

   **Vehicle 1**    Describe Vehicle 1: _____

   13a. Ownership or leasing costs using IRS Local Standard.................................................  $ **521.00**

   13b. Average monthly payment for all debts secured by Vehicle 1.

   Do not include costs for leased vehicles.

   To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

   | Name of each creditor for Vehicle 1 | Average monthly payment |
   |---|---|
   | **Ally Bank** | $ **263.26** |
   | Total Average Monthly Payment | $ **263.26** |

   Copy here => -$ **263.26**   Repeat this amount on line 33b.

   13c. Net Vehicle 1 ownership or lease expense

   Subtract line 13b from line 13a. if this number is less than $0, enter $0. ...............  $ **257.74**

   Copy net Vehicle 1 expense here => $ **257.74**

   **Vehicle 2**    Describe Vehicle 2: _____

   13d. Ownership or leasing costs using IRS Local Standard.................................................  $ **0.00**

   13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

   | Name of each creditor for Vehicle 2 | Average monthly payment |
   |---|---|
   | *-NONE-* | $ |
   | Total average monthly payment | $ **0.00** |

   Copy here => -$ **0.00**   Repeat this amount on line 33c.

   13f. Net Vehicle 2 ownership or lease expense

   Subtract line 13e from line 13d. if this number is less than $0, enter $0. ..................  $ **0.00**

   Copy net Vehicle 2 expense here => $ **0.00**

14. **Public transportation expense:** If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation. $ **0.00**

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*. $ **0.00**

| Debtor 1 | Joseph Martin Thomas | Case number (*if known*) | 20-10334 |
|---|---|---|---|

**Other Necessary Expenses**    In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories.

16. **Taxes:** The total monthly amount that you will actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.
    Do not include real estate, sales, or use taxes.    $ **8,500.00**

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.
    Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.    $ **0.00**

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.
    Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.    $ **0.00**

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.
    Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.    $ **0.00**

20. **Education:** The total monthly amount that you pay for education that is either required:
    ■ as a condition for your job, or
    ■ for your physically or mentally challenged dependent child if no public education is available for similar services.    $ **0.00**

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.
    Do not include payments for any elementary or secondary school education.    $ **0.00**

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
    Payments for health insurance or health savings accounts should be listed only in line 25.    $ **625.00**

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.
    Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted.    **+**$ **0.00**

24. **Add all of the expenses allowed under the IRS expense allowances.**
    Add lines 6 through 23.    $ **11,979.74**

**Additional Expense Deductions**    These are additional deductions allowed by the Means Test.
    *Note*: Do not include any expense allowances listed in lines 6-24.

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

    | Health insurance | $ | 272.00 |
    |---|---|---|
    | Disability insurance | $ | 26.00 |
    | Health savings account | **+** $ | 0.00 |
    | Total | $ | 298.00 |

    Copy total here=>    $ **298.00**

    Do you actually spend this total amount?
    ☐ No. How much do you actually spend?
    ■ Yes    $ _____

26. **Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b)    $ **0.00**

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.
    By law, the court must keep the nature of these expenses confidential.    $ **0.00**

| Debtor 1 | Joseph Martin Thomas | Case number (*if known*) | 20-10334 |
|---|---|---|---|

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

    If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs

    You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.    $ _____ **0.00**

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $170.83* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

    You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

    * Subject to adjustment on 4/01/22, and every 3 years after that for cases begun on or after the date of adjustment.    $ _____ **0.00**

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

    To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

    You must show that the additional amount claimed is reasonable and necessary.    $ _____ **24.00**

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)(3) and (4).

    Do not include any amount more than 15% of your gross monthly income.    $ _____ **0.00**

32. **Add all of the additional expense deductions.**
    Add lines 25 through 31.    $ _____ **322.00**

**Deductions for Debt Payment**

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

    To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

    **Mortgages on your home**

    **Average monthly payment**

    33a.    Copy line 9b here _____    =>    $ _____ **0.00**

    **Loans on your first two vehicles**

    33b.    Copy line 13b here _____    =>    $ _____ **263.26**

    33c.    Copy line 13e here _____    =>    $ _____ **0.00**

    33d.    List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| **-NONE-** | | ☐ No  ☐ Yes | $ _____ |
| | | ☐ No  ☐ Yes | $ _____ |
| | | ☐ No  ☐ Yes + | $ _____ |

    33e    Total average monthly payment. Add lines 33a through 33d    $ _____ **263.26**    Copy total here=>    $ _____ **263.26**

| Debtor 1 | Joseph Martin Thomas | Case number (*if known*) | 20-10334 |
|---|---|---|---|

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

   ■ No.  Go to line 35.
   ☐ Yes.  State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | Monthly cure amount |
|---|---|---|---|
| -NONE- | | $ | ÷ 60 = $ |

Total $ 0.00    Copy total here=> $ 0.00

35. **Do you owe any priority claims - such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

   ☐ No.  Go to line 36.
   ■ Yes.  Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

   Total amount of all past-due priority claims    $ 324,007.26  ÷ 60  $ 5,400.13

36. **Projected monthly Chapter 13 plan payment**    $ _____

   Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).
   To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

   X _____

   Average monthly administrative expense    $ _____    Copy total here=> $ _____

37. **Add all of the deductions for debt payment.**    $ 5,663.39
   Add lines 33e through 36.

**Total Deductions from Income**

38. **Add all of the allowed deductions.**

   Copy line 24, *All of the expenses allowed under IRS expense allowances*    $ 11,979.74
   Copy line 32, *All of the additional expense deductions*    $ 322.00
   Copy line 37, *All of the deductions for debt payment*    +$ 5,663.39

   Total deductions...........................................................    $ 17,965.13    Copy total here=>    $ 17,965.13

---

Official Form 122C-2     Chapter 13 Calculation of Your Disposable Income     page 6
Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| Debtor 1 | Joseph Martin Thomas | Case number (*if known*) | 20-10334 |
|---|---|---|---|

| Part 2: | Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2) |
|---|---|

39. **Copy your total current monthly income** from line 14 of Form 122C-1, *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.*  $ 25,000.00

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child.  $ 0.00

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19).  $ 2,192.90

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here  =>  $ 17,965.13

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| Describe the special circumstances | Amount of expense |
|---|---|
|  | $ |
|  | $ |
|  | $ |

Total  $ 0.00    Copy here=> $ 0.00

44. **Total adjustments.** Add lines 40 through 43.  =>  $ 20,158.03    Copy here=> -$ 20,158.03

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39.  $ 4,841.97

| Part 3: | Change in Income or Expenses |
|---|---|

46. **Change in income or expenses.** If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ |
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ |
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ |
| ☐ 122C-1 |  |  |  | ☐ Increase |  |
| ☐ 122C-2 |  |  |  | ☐ Decrease | $ |

| Debtor 1 | Joseph Martin Thomas | Case number (*if known*) | 20-10334 |
|---|---|---|---|

---

**Part 4:    Sign Below**

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

X _____
**Joseph Martin Thomas**
Signature of Debtor 1

Date **April 26, 2021**
MM / DD / YYYY

---

Exhibit "C"

**Scenario 1 - Current estimated amounts to be distributed under Plan:**

$100,000 to Wells Fargo from sale of Lot 15 (2368) Village Common Drive
$647,000 to PNC Bank from sale of South Shore
$262,000 to secured tax liens from sale of South Shore
$21,000 to admin claims from sale of South Shore
$300,000 to admin/priority/unsecured claims from sale of personal property
$180,000 to admin claims from long-term Plan payments
~~$324,000 to admin/priority tax claims from long-term Plan payments~~[2]
**$1,510,000 total**


**Scenario 2 - Current estimated amounts to be distributed under Plan (less secured claims):**

$21,000 to admin claims from sale of South Shore
$300,000 to admin/priority/unsecured claims from sale of personal property
$180,000 to admin claims from long-term Plan payments
~~$324,000 to admin/priority tax claims from long-term Plan payments~~
**$501,000 total**


**Scenario 3 - Potential estimated amounts to be distributed under Plan (less secured claims, assuming favorable tax consequences):**

$261,000 to admin claims from sale of South Shore
$300,000 to admin/priority/unsecured claims from sale of personal property
$180,000 to admin/unsecured claims from long-term Plan payments
~~$324,000 to admin/priority tax claims from long-term Plan payments~~[3]
**$741,000 total**

---

[2] Excluded from analysis since already captured in pro forma disposable income test
[3] Reserve right to adjust downward given greatly exceeds projected disposable income; potential benefit to Tri-State if compensation further reduced instead.

Exhibit "D"

**Calculation of Projected Disposable Income versus amounts to be distributed under Plan:**

| | |
|---|---:|
| **Gross Income Per Month** | **$25,000.00** |
| Less IRS Expense Allowances (Line 24 of Chapter 13 Disposable Income Calculation) | ($11,979.74) |
| Less Additional Expense Deductions (Line 32 of Chapter 13 Disposable Income Calculation) | ($322.00) |
| Less Vehicle Loan Payment (Line 33b) | ($263.26) |
| Less Payment of Priority Claims (Line 35) | ($5,400.13) |
| Less Qualified Retirement Deductions (Line 41) | ($2,192.90) |
| **Monthly Disposable Income** | **$4,841.97** |
| **5 Year Disposable Income** | **$290,518.20** |

| | |
|---|---:|
| **5 Year Disposable Income** | **$290,518.20** |
| ***LESS THE FOLLOWING DISTRIBUTIONS UNDER THE PLAN:*** | |
| $21,000 for Administrative Claims from sale of South Shore | ($21,000.00) |
| $300,000.00 for Administrative/Priority/Unsecured Claims from sale of personal property | ($300,000.00) |
| $3,000.00 per month for 60 months for Administrative Claims for a total of $180,000.00 | ($180,000.00) |
| **SUBTOTAL** | **($210,481.80)** |
| $100,000 to Wells Fargo from sale of Lot 15 (2368) Village Common Drive | ($100,000.00) |
| $647,000 to PNC Bank from sale of South Shore | ($647,000.00) |
| $262,000 to secured tax liens from sale of South Shore | ($262,000.00) |
| **SUBTOTAL** | **($1,219,481.80)** |