IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy No. 20-10334-TPA |
| JOSEPH MARTIN THOMAS, ) | |
|     Debtor. ) | Chapter 11 |
| ) | |
| JOSEPH MARTIN THOMAS ) | |
| ) | Docket No. |
|     Movant, ) | |
| ) | Related to Docket No. 417 |
|     vs. ) | |
| PNC BANK, NATIONAL ) | |
| ASSOCIATION; TAX COLLECTOR, ) | |
| CITY OF ERIE; ERIE COUNTY TAX ) | |
| CLAIM BUREAU; UNITED STATES ) | |
| OF AMERICA, INTERNAL REVENUE ) | |
| SERVICE; COMMONWEALTH OF ) | |
| PENNSYLVANIA, DEPT. OF ) | |
| REVENUE; and DALE E. PEHRSSON ) | |
| AND ROBERT S. PEHRSSON, ) | |
| ) | |
|     Respondents. ) | |

**RESPONSE BY THE COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA DEPARTMENT OF REVENUE TO THE MOTION FOR <u>SALE OF REAL AND PERSONAL PROPERTY FREE AND DIVESTED OF LIENS</u>**

    AND NOW, comes the Commonwealth of Pennsylvania, Office of Attorney General, by its undersigned counsel, on behalf of the Pennsylvania Department of Revenue, and makes the following statement in support of its *Response to the Motion for Sale of Real and Personal Property Free and Divested of Liens*.

1. The Pennsylvania Department of Revenue (hereinafter Revenue) is a party in interest, having asserted a claim for pre-petition taxes.

2. The Debtor's *Motion for Sale of Real and Personal Property Free and Divested of Liens* and accompanying proposed Order propose to exempt the sale of real property from all realty transfer taxes pursuant to 11 U.S.C. § 1146(a).

3. Under Pennsylvania's Tax Reform Code of 1971 [72 PA. STAT. §§ 7101 et seq.], a "person" who "makes, executes, delivers, accepts or presents" a "document"

    "for recording" must ordinarily pay a state realty transfer tax. 72 PA. STAT. § 8102-C.

4. Pursuant to § 1146(a), "the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under a plan <u>confirmed</u> under section 1129 or 1191 of this title, may not be taxed under any law imposing a stamp tax or similar tax." (emphasis added).

5. In *Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 52-53 (2008), the Supreme Court held that "[§] 1146(a) affords a stamp-tax exemption only to transfers made pursuant to a Chapter 11 plan that has been <u>confirmed</u>." (emphasis added). The Supreme Court explained that § 1146(a)'s exemption from state taxation should be narrowly construed, and that any ambiguities in the statutory language should be "resolved in [the state's] favor." *Piccadilly Cafeterias, Inc.*, 554 U.S. at 41, 50.

6. The holding in *Piccadilly Cafeterias, Inc.*, precludes the application of § 1146(a) to transfers of assets occurring <u>before the confirmation</u> of a Chapter 11 plan. *Id*. at 53.

7. Revenue has no objection to the sale itself; however, the sale is subject to state realty transfer tax pursuant to 72 PA. STAT. § 8102-C. The Pennsylvania transfer tax cannot be exempted under § 1146(a) because the Debtor's plan has not yet been confirmed.

8. This Response is filed under an abundance of caution: a Chapter 11 Plan Confirmation hearing is currently scheduled for the same date as the hearing on the present Sale Motion – June 3, 2021 – at 10:30 a.m. In the event the Amended Chapter 11 Plan dated April 1, 2021 (Doc. 348) is confirmed prior to the sale hearing, this Response will be rendered moot.

    **WHEREFORE**, the Commonwealth of Pennsylvania, Department of Revenue, respectfully requests that the language exempting the sale from transfer tax pursuant to 11 U.S.C. § 1146(a) be stricken from the Sale Order.

                                          Respectfully submitted,

                                                  JOSH SHAPIRO
                                                  ATTORNEY GENERAL

Date: May 24, 2021                        By:     /s/ Lauren A. Michaels
                                                              Lauren A. Michaels
                                                               Deputy Attorney General
                                                               Pennsylvania Office of Attorney General
                                                               Counsel to Pennsylvania
                                                               Department of Revenue
                                                               1251 Waterfront Place
                                                               Mezzanine Level
                                                               Pittsburgh, PA 15222
                                                               Phone #: 412-235-9072
                                                               PA I.D. # 320686
                                                               Email: LMichaels@attorneygeneral.gov