IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JOSEPH MARTIN THOMAS, | ) Bank. No. 20-10334 TPA |
| | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Related to |
| Movant, | ) Doc. Nos. 348, 354, & 368 |
| | ) |
| vs. | ) |
| | ) |
| | ) Hearing Date |
| | ) n/a |
| JOSEPH MARTIN THOMAS, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## AMENDED STIPULATION AND AGREED ORDER

IT IS HEREBY STIPULATED and AGREED by and between Joseph Martin Thomas, Debtor, and the United States of America, as represented by Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, as follows:

1. The prepetition claim of the Internal Revenue Service in the total amount of $118,441.68, less adequate protection payments of $4,063.24 applied to the unsecured priority debt, and the postpetition claim in the total amount of $173,884.00, shall be paid as follows:

    a. The administrative and priority claims totaling $287,88.05 shall be paid in the following manner:

        (1) Debtor will pay the balance of the administrative and priority claim over 6 years at 3% interest. The monthly payments will be $4,317.73. Monthly payments shall be

made on 20th day of each month commencing on the date of execution of this stipulation and continuing until the administrative and priority tax claims are fully paid.

        (2) After the Debtor's 1041 for 12/1/2020-6/30/2021 is finally processed, any net operating loss carryback will be applied to the remaining balance on the priority claim and the administrative claim. The IRS shall notify the Debtor within 30 days of the final processing of the Debtor's 1041 for 12/1/2020-6/30/2021 of the new monthly payment amount.

    b. The general unsecured claim of $5,377.39 shall be paid in accordance with the treatment given to other general unsecured creditors under the plan.

    2. All monthly payments specified in paragraph 1 above shall be made payable to the United States Treasury and sent to the Insolvency Unit, Internal Revenue Service, William S. Moorhead Federal Building, Room 711B, 1000 Liberty Ave., Pittsburgh, Pennsylvania 15222.

    3. Any refunds or credits to which the Debtor may become entitled at any time before the tax liability mentioned in paragraph 1 has become fully satisfied may be credited administratively against the outstanding balance. In the event any refund check or checks are received by the Debtor prior to the full satisfaction of the tax liability, such check or checks shall be endorsed according to law and mailed to the Insolvency Unit, Internal Revenue Service, William S. Moorhead Federal Building, Room 711B, 1000 Liberty Ave., Pittsburgh, Pennsylvania 15222.

    4. In the event that the Debtor fails to make any of the payments specified in paragraph 1 above or fails to comply with any of his postconfirmation federal tax obligations, the Internal Revenue Service may pursue collection of all unpaid preconfirmation and postconfirmation liabilities through any means authorized by the Internal Revenue Code or other applicable law, including levy and seizure of the Debtor's assets, including any exempt property. Notwithstanding the foregoing, the Debtor shall have thirty (30) days to cure all delinquent plan payments and postconfirmation tax liabilities. This thirty-day period shall commence upon the issuance of a written notice of plan default by the Internal Revenue Service to the Debtor.

5. The period allowed to the Internal Revenue Service under I.R.C. § 6502(a) to collect the assessed taxes, interest, penalties, and any other additions thereon, which are still owed by the Debtor after the plan effective date shall be suspended for the period of time that payment of these tax debts is made according to this Stipulation and Agreement, unless and until a substantial default of these payments shall occur, and for six months thereafter in accordance with I.R.C. § 6503(h)(2). A substantial default regarding payments shall have occurred when a payment of the tax debt required by this Stipulation has not been timely made, the Service has provided the Debtor with written notice of the default, and the Debtor has failed to cure the default within 30 days of the Service mailing written notice of default to the Debtor.

6. No federal tax liability accruing prior to the confirmation of the plan, including interest and penalty, is discharged until the Debtor completes payment in accordance with this Stipulation.

7. Should the Debtor file another bankruptcy petition before completing the terms of this Stipulation, this Stipulation is null and void and the claims of the IRS retain their status as tax claims; they are not reduced to claims under this agreement. Notwithstanding the foregoing, the claims of the IRS will have no lower priority in any subsequent bankruptcy than they do in this case.

8. To the extent that there are nondischargeable tax debts in this case, the Debtor shall remain liable following the end of the bankruptcy case for any unpaid postpetition interest and penalties under Bruning v. United States, 376 U.S. 358 (1964).

9. This Stipulation shall be deemed incorporated in the confirmed plan of reorganization and shall control the treatment of the federal tax claims in this case.

|  |  |
|---|---|
| */s/ Joseph M. Thomas*<br>Debtor | STEPHEN R. KAUFMAN<br>Acting United States Attorney<br><br>BY<br><br>*/s/ Jill Locnikar*<br>Jill Locnikar<br>Assistant U.S. Attorney<br>700 Grant Street, Suite 4000<br>Pittsburgh, PA  15219<br>(412) 894-7429<br>PA ID No. 85892<br>Jill.locnikar@usdoj.gov |

THE QUINN LAW FIRM

BY:   */s/   Michael P. Kruszewski*
Michael P. Kruszewski, Esquire
PA Id. No. 91239
2222 West Grandview Boulevard
Erie, Pennsylvania 16506-4508
Telephone: 814-833-2222
Facsimile: 814-833-6753
E-Mail Address: mkruszewski@quinnfirm.com
Counsel for Debtor

It is so ordered.

_____
UNITED STATES BANKRUPTCY  JUDGE