UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | BANKRUPTCY NO. 20-10334 TPA |
| | : | |
| JOSEPH MARTIN THOMAS, | : | JUDGE THOMAS P. AGRESTI |
| Debtor. | : | |
| | : | CHAPTER 11 |
| JOSEPH MARTIN THOMAS, | : | |
| Movant, | : | RELATED TO DOCUMENT NO. 600 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| INTERNAL REVENUE SERVICE; | : | |
| and COMMONWEALTH OF | : | |
| PENNSYLVANIA, DEPARTMENT | : | |
| OF REVENUE, | : | |
| Respondents. | : | |
| | : | |

**ORDER AUTHORIZING PUBLIC AUCTION SALE
OF PERSONAL PROPERTY FREE AND DIVESTED OF LIENS**

     ***AND NOW****,* this \_\_\_\_\_ day of _____, 2022*,* upon consideration of the *Joint Motion for Public Auction Sale of Personal Property Free and Divested of Liens* (the "Motion"), filed by the Debtor and the Official Committee of Unsecured Creditors of Tri-State Pain Institute, LLC at Document No. 600, after hearing on said *Motion* held in the Bankruptcy Courtroom, U.S. Courthouse, 17 South Floor, Erie, PA 16501 this date, the Court finds:

1.     Service of the *Notice of Hearing* and *Order* setting hearing on said *Motion* was effected on the following secured creditors whose liens are recited in said *Motion*, viz:

| **DATE OF SERVICE** | **NAME OF LIENOR OR SECURITY** |
|---|---|
| February 15, 2022 | United States of America<br>Internal Revenue Service<br>ATTENTION: Sandra M. Bence<br>1000 Liberty Avenue<br>Stop 711B<br>Pittsburgh, PA 15222-3714<br><br>*(Federal Tax Liens)* |

1

February 15, 2022                    Pennsylvania Department of Revenue
                                     Bankruptcy Division
                                     P.O. Box 280946
                                     Harrisburg, PA  17128-0946

                                     *(Commonwealth Tax Liens)*

2.      Sufficient notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the Movant as shown by the certificates of service duly filed.

3.      Pursuant to *W.PA LBR 6004-1(c)(2)* said sale hearing was duly advertised on the Court's website on February 15, 2022 and in the Erie County Legal Journal on March 4, 2022 and The Erie Times News on March 4, 2022, as shown by the *Proofs of Publication* filed (or to be filed) upon receipt of same from the above publications.

4.      At the sale hearing no objections to the sale were made and, to the extent raised, have been withdrawn or otherwise resolved.

5.      The public auction sale is the best means of obtaining a full and fair price for the personal property in question, being described as follows:

      a.  **Approximately 150 items of household furnishings;**

      b.  **Approximately 500 pieces of artwork, prints, sketches, etc.;**

      c.  **Dozens of items of decorative art and/or antiques; and**

      d.  **Substantially all other personal property currently in storage from the**

            **sale of the Debtor's residence and former office location.**

        *NOW THEREFORE,* it is hereby **ORDERED, ADJUDGED and DECREED** that the Movant is authorized to proceed with live and online public auction sales of the above-described property, to be conducted during the last weekend of April, 2022, via co-auctioneers **at Kelly Schultz Auctioneers facility located at 11177 Main St., Clarence, NY 14031**, and online at:

https://www.auctionzip.com/NY-Auctioneers/754.html

https://www.liveauctioneers.com/auctioneer/7045/schultzauctioneers/

https://schultzauctioneers.net/auctions/

It is **FURTHER ORDERED** that:

A.  Pending entry of the *Sale Confirmation Order* following the auction, the above recited liens are hereby transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property.  The within decreed sale is free, clear, and divested of all liens identified above.  After due notice to the lien creditors and all *Preliminary Objections* to the auction sale, if any, having been withdrawn or resolved, the costs of sale of the within bankruptcy proceedings (including attorneys' fees, auctioneer fees and costs, normal closing costs, and the costs of maintaining and preserving the property) shall be paid in advance of any distribution to said lien creditors or any creditors claiming an interest in the property.

B.  The Movant shall *IMMEDIATELY* serve a copy of the within *Order* on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any; upon any attorney or party who answered the motion or appeared at the hearing; the attorney for the debtor; the purchaser, the attorney for the purchaser, if any, and thereafter, immediately file a certification of service.

C.  *Within five (5) days following consummation of the sale(s)*, the Movant shall file a *Motion Requesting Sale Confirmation,* which *Motion* shall include a *Report of Sale*.

D.  *At the conclusion of the Public Auction Sale(s)*, title shall vest in the putative purchaser *unless* an Objection is registered with the Seller or its Agent at the conclusion of bidding on the specific item of property sold. In such event, it is the duty and responsibility of the Seller and its Agent to provide the objecting party with *written notice of the objecting party's right to file a formal objection with the Court within seven (7) days of the conclusion of bidding* on the specific item of property subject to the objection. In such event, title to the specific item of property will not vest in the putative purchaser until further order of Court.

E.  *Formal closing on the property shall occur within fourteen (14) days after filing* of the *Sale Confirmation Order* confirming the auction(s).  As to the proposed distribution, all funds shall be held by Counsel for the Debtor pending further Order of this Court, after notice and hearing.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

cc:    Office of the U.S. Trustee
        Debtor's Attorney
        Attorney for Creditors' Committee